Mario Pittoni, J.
In this proceeding pursuant to CPLR article 78 petitioner’s motion to strike “ the first and second defenses ” of the answer is denied. Respondent’s motion to dismiss the petition is granted.
*734 The petition alleges that respondent was arbitrary and capricious on May 28, 1969 in expelling petitioner’s son, Noah Mitchell, a student at C. W. Post College of Long Island University ‘ ‘ without said college first having granted to petitioner’s said son any opportunity whatsoever to be heard in his own defense
Respondent’s answer, in addition to denying that the expulsion of the petitioner’s son was final in that (1) the letter of May 28, 1969 informing the son of his expulsion advised him of his right to appeal to the Faculty-Student Appeal Board, and (2) the Student Conduct Handbook provides for an appeal. The answer also pleaded (1) that an appeal was held on September 3, 1969 on the request of student, Noah Mitchell, but that at the hearing the student and his attorney 11 declined to defend the substance of the case but objected to the board’s procedures,” (2) that the action of the dean of students on May 28, 1969 was taken following (a) the stabbing of a student on May 24, 1969 in a student dormitory, and (b) an investigation of the incident, including a consideration of a written statement made by the victim, Jack Abrams.
The reply, in addition to denying the allegations of the answer, pleads that the record of the proceedings before the appeal board was not accurate or complete.
A proceeding pursuant to CPLR article 78 (CPLR 7801) may ‘ ‘ not be used to challenge a determination: 1. which is not final or can be adequately reviewed by appeal ’ ’. Assuming, without deciding, that the petitoner’s son should have been interviewed by the dean of students before the disciplinary action of May 28, 1969 was taken, it is obvious from the letter of May 28th and from the Student Conduct Handbook that the decision was not final. According to the handbook (§ VI) ‘ ‘ any case may be appealed to the appropriate higher authority * * * The student has the right of final appeal from the decision of * # * the Dean of Students to the Faculty-Student Appeal Board”; (§ V-A) the appeal board had the right “to affirm, to reduce, or to strengthen the penalty”; (§ VT-D) “ The decision of the Faculty-Student Appeal Board shall be final as interpreted under the statutes of the University.” Clearly the decision of May 28, 1969 was not final and could be adequately reviewed on appeal.
With respect to the contention of petitioner in the memorandum of law that the action of the dean of students in expelling Noah Mitchell on May 28, 1969 was “illegal in the absence of a prior fair hearing, ’ ’ no statute is cited nor has any by-law, rule or regulation of the university been cited which *735 prescribes a hearing before a suspension or expulsion. Respondent is a private university. While it may not arbitrarily expel a student, the evidence here shows that an investigation was made, statements were received from the victim and from witnesses before the dean of students exercised the power conferred upon him. On the appeal petitioner’s son was offered a full opportunity to present witnesses and to offer his version of his involvement or his lack of involvement in the stabbing of Jack Abrams. The appeal board was not required to afford him or his counsel the right to confront or to cross-examine witnesses. That the board was not predisposed to making an adverse finding is not only evidenced by its offer to hear Noah Mitchell and his witnesses but by the final sentence on page 2 of its record “ The Board does recognize that should Mr. Mitchell’s court case end favorably for him he might request and might well be granted another and final hearing.”
Petitoner claims her son was entitled to and was denied “due process” safeguards. Unfortunately, “due process,” a technical legal term used as part of our constitutional protections of persons against improper governmental actions, is too often used to rationalize conduct, behavior or procedure favorable to a proponent’s position or contention. It is used too often to inject governmental procedures into private actions or disputes. Here respondent’s procedure was fair and reasonable, and if any “ due process ” was involved it was more than fully satisfied.