Mario Pittoxi, J.
Five boys who played as members of Merrick-North Merrick Little League Baseball, Inc. (not a party to this action and hereinafter designated as “ Merrick ”), through guardians ad litem, sue defendant Little League Baseball, Inc. (hereinafter designated defendant ‘1 Little League”) and another, for a declaratory judgment: (1) that their baseball team was improperly disqualified from a Little League district tournament on July 22, 1971 because, after they had won a game, the defeated team protested Merrick’s eligibility for tournament play and Merrick’s team was disqualified without an opportunity for a hearing on the disqualification charge; (2) that this court shall direct defendants to conduct a hearing with respect to the issue of Merrick’s eligibility; and (3) that defendant Little League’s Regulation IV(a), under which plaintiffs’ team was disqualified, be declared void.
The five boys are members of the Merrick team which was chartered by defendant Little League to conduct a baseball program in Merrick, New York. The district tournament in which the plaintiffs participated was supervised by a district administrator for defendant Little League and was played under defendant Little League’s rules and guidelines.
Regulation IV(a) of defendant Little League Regulations provides that a chartered Little League team shall not play a boy who participates in another organized baseball program, except on authorized school teams during the regular school terms; that a player in a chartered Little League team who participates in violation of regulation IV(a) is ineligible from further participation in Little League baseball; and that if after a game a player has been established as ineligible pursuant to regulation IV(a), that team may be disqualified from further participation by the district administrator of defendant Little League.
After the game in question was completed, the defeated team protested on the ground that plaintiffs’ team was ineligible for tournament play because some of its members had played in an organized baseball program other than as permitted under regu *1040 lation IV(a). Defendant Little League’s district administrator upheld the protest.
Now come the plaintiffs to seek a judicial ruling in this action started January 3, 1972, in respect to the disqualification pursuant to regulation IV(a).
Defendants move to dismiss the complaint.
Neither the five minor plaintiffs nor their parents have been nor do they claim to have been members of defendant Little League or to possess any property or other interest in it. Thus, there is no legal relationship between the corporate defendant and plaintiffs, and plaintiffs have no standing to attack legally what plaintiffs may believe to have been an unwise or unfair rule. It follows that, absent any public policy or law violation, they have no standing to claim a hearing regarding the disqualification or to attack defendant’s .rules.
The only proper party to protest the disqualification of June 23, 1971, is Merrick-North Merrick Little League, Inc., not the plaintiffs. It has not done so.
Plaintiffs’ first cause of action seeks to have a declaration that they are entitled to due process hearing as to the charges made. There is no law, statute or otherwise, which prescribes a due process hearing in this respect. We cannot inject governmental due process requirements into private actions or disputes (Mitchell v. Long Is. Univ., 62 Misc 2d 733).
The plaintiffs, by joining Merrick-North Merrick Little League Baseball, Inc., voluntarily agreed to abide by article V(d) of the Merrick-North Merrick Little League constitution that ‘1 any boy accepted to play ball * * * may not participate with any other organized baseball team in any league during the Little League season ’ ’ and they also accepted the mandate of article X(a) that the rules and regulations of the defendant Little League were binding upon them. Thus, they agreed to accept the rules and regulations of the defendant Little League, including the rules and regulations in respect to eligibility.
The 1971 tournament is long over; there is nothing the court can do to change what has been done. It would be, at best, a paper victory. Thus, plaintiffs are asking this court to perform a useless act. This, equity cannot decree.
The complaint, by failing to state that neither the plaintiffs nor Merrick Little League did not violate regulation IV(a), in effect admits it (Matter of Jenkins v. American Horse Show Assn., 30 A D 2d 652). This precludes equitable relief.
*1041 Plaintiffs ’ contention in its second cause of action that regulation IV(a) is invalid because it prohibits plaintiffs from engaging in any form of organized baseball except under the control of defendant Little League and thereby deprives plaintiffs of their constitutional right of freedom to act is spurious. Regulation TV (a) does not prohibit plaintiffs from engaging in any form of organized baseball. They are free to engage in whatever form of baseball they want. Regulation IV(a) merely prohibits plaintiffs from participating in the defendant Little League baseball program and simultaneously engaging in another organized baseball program except during the regulation periods prescribed by the school systems.
Incidentally, plaintiffs filed no brief.
Defendants’ motion to dismiss the complaint is granted.