LEO J. COVENEY & another vs. PRESIDENT AND TRUSTEES
OF THE COLLEGE OF THE HOLY CROSS.

Norfolk. October 8, 1982. — January 19, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Summary judgment. *Contract,* Performance and breach,
Private college. *Release. Due Process of Law,* Private college. *Duress.*

In an action by a student and his father against a college, claiming that
the son had been wrongfully expelled, allowance of the defendant's
motion for summary judgment was warranted where there was
nothing in the plaintiffs' affidavits to support their claims that triable
issues of fact remained as to whether the expulsion was arbitrary and
capricious and whether a general release signed by the student in con-
sideration for a hearing before the college's president was valid and
precluded their present action. [19-23]

CIVIL ACTION commenced in the Superior Court Depart-
ment on September 11, 1980.

The case was heard by *Morse, J.,* on a motion for sum-
mary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*George M. Herlihy* for the plaintiffs.

*William W. Hays (Vincent F. O'Rourke, Jr.,* with him)
for the defendant.

HENNESSEY, C.J. The plaintiffs, Leo J. Coveney and his
son, Thomas R. Coveney (Coveney), commenced this action
for damages and specific performance against the President
and Trustees of the College of the Holy Cross (college) alleg-
ing that the college had wrongfully expelled Coveney during
the last semester of his senior year.[1] A judge of the Superior

---

[1] It is unclear whether the father, Leo J. Coveney, has any claim inde-
pendent of the rights of his son. He bases his claim on the fact that the tui-

Court granted the college's motion for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). We granted the plaintiffs' application for direct appellate review. The plaintiffs argue on appeal that the judge erred in granting the college's motion for summary judgment because genuine issues of material fact exist. Specifically, the plaintiffs contend that triable issues of fact remain as to (1) whether the expulsion was arbitrary and capricious and (2) whether a release signed by Coveney is valid and precludes the present action. We disagree with the plaintiffs' contention that genuine issues of material fact are present in this case and, therefore, affirm the granting of summary judgment.

We point out that, in ruling upon the defendant's motion for summary judgment, the judge properly assumed that all of the facts set forth in the plaintiffs' affidavits were true and that any inferences favorable to the plaintiffs should be drawn. See *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 553-556 (1976). We also note, however, that any facts agreed to or established by Coveney in his deposition also may be considered in determining whether a genuine triable issue of material fact exists. *Id.* at 556.

On March 29, 1980, Coveney, one Debs, and one Bagley, who were students at the college, attended a party in the basement of Alumni Hall, a dormitory on the campus of the college. Alcoholic beverages were served at the party and a female student, who was a friend or acquaintance of Debs, overindulged. Debs and Coveney were accompanying the female student back to her dormitory when she entered a women's lavatory in Alumni Hall and became ill. Some students took the intoxicated student to room 227 in Alumni Hall, a female students' dormitory room. Coveney and Debs later entered the room to check on the intoxicated female student's condition. When they entered the room, she was lying face down on the bed naked from the waist down. A short while later, Bagley entered the room. Other stu-

tion bills were addressed to him and that he paid them. Since the father does not assert, however, any rights different from those of his son, we treat the plaintiffs' claims alike.

dents attempted to enter the room but Coveney and Debs prevented the students from entering by holding the door closed. Bagley climbed out a window in the room and injured himself in a fall from the third story window. Shortly thereafter, Coveney and Debs opened the door, came out of room 227 and proceeded down the hallway to the stairway with their shirts pulled over their faces.

After meeting with Coveney, the dean of students offered Coveney the opportunity to withdraw voluntarily or to face expulsion. The dean stated that Coveney had violated college regulations which prohibited students from interfering with the rights of other students. Specifically, the dean stated that Coveney entered room 227 without the permission of the rightful occupants of the room, that the rightful occupants were forcibly prevented from entering the room, that after the door to the room was opened Coveney left the scene without giving any explanation of his presence in the room, and that Coveney has never provided an adequate explanation of his presence in the room. After Coveney refused to withdraw, the dean expelled him. Coveney then requested a hearing before the college judicial board and the request was denied.

Thomas Coveney filed suit in the Superior Court in Worcester County and obtained a temporary restraining order barring his expulsion. Coveney was then granted a further hearing before the president of the college. In consideration for the hearing, Coveney agreed to dismiss the action in the Superior Court and to execute a release holding the college harmless from any liability for future disciplinary actions. Coveney signed the release after the hearing. The president of the college affirmed Coveney's expulsion. Coveney was the only one of the three students involved who was expelled from the college. Debs, a sophomore, withdrew from the college, while Bagley, a senior, was allowed to take his final examinations and to receive his degree in October, 1980, rather than at the regularly scheduled graduation ceremonies.

We conclude that the judge correctly determined that there are no genuine issues as to any material fact and that the college is entitled to judgment as a matter of law. See *Community Nat'l Bank* v. *Dawes, supra* at 553-556. We dispose of this case on the ground that the college did not violate any contractual or other rights of the plaintiffs by expelling Coveney, and on the additional ground that Coveney waived the claims he asserts here by executing a valid and binding general release. A private university, college, or school may not arbitrarily or capriciously dismiss a student. See *Robinson* v. *University of Miami*, 100 So. 2d 442, 444 (Fla. Dist. Ct. App. 1958); *Woods* v. *Simpson*, 146 Md. 547, 551 (1924); *Mitchell* v. *Long Island Univ.*, 62 Misc. 2d 733, 735 (N.Y. Sup. Ct.), aff'd, 35 A.D.2d 654 (N.Y. 1970); *Frank* v. *Marquette Univ.*, 209 Wis. 372, 377 (1932). Cf. *Hood* v. *Tabor Academy*, 296 Mass. 509, 510 (1937) (assuming without deciding that school officials may not arbitrarily or capriciously dismiss a student). If school officials act in good faith and on reasonable grounds, however, their decision to suspend or expel a student will not be subject to successful challenge in the courts. See, e.g., *Frank* v. *Marquette Univ.*, *supra*; *Hood* v. *Tabor Academy, supra.* Violations of reasonable rules and regulations of a school are a recognized ground for dismissal of a student. See *id.*; *Mahavongsanan* v. *Hall*, 529 F.2d 448, 450 (5th Cir. 1976).

In this case the college did not act in bad faith or in an arbitrary or capricious manner when it determined to expel Coveney. The college stated that it was expelling him because of his breach of rules and regulations of the college which provide that interference with the rights of others is a ground for expulsion. These rules are published yearly in the student handbook and each year Coveney received a copy of the handbook. The undisputed facts in this case are that Coveney entered the dormitory room of female students without their permission and that he helped to bar the entry of female students, who were the rightful occupants of the room.[2]

---

[2] In affidavits, the two women who were rightful occupants of the room specify that they placed the intoxicated woman upon a bed in their room;

In light of these facts we conclude that Coveney's expulsion was neither arbitrary nor capricious. A college must have broad discretion in determining appropriate sanctions for violations of its policies. See *Woods* v. *Simpson, supra* at 551. Cf. *Frank* v. *Marquette Univ., supra* at 377-378. Moreover, the college provided Coveney with two hearings and with the opportunity to make statements. Regardless of whether any hearing was required, see *infra,* the fact that these proceedings occurred and were conducted fairly further indicates that the college's expulsion of Coveney was neither arbitrary nor capricious.

The plaintiffs assert that because Bagley received a lesser punishment than that inflicted on Coveney, a material issue of fact exists as to whether there were sufficient facts to support the college's differentiation in punishment. We disagree. As a general rule, mere comparisons between punishments imposed on students are immaterial to the issue of whether a particular punishment imposed on a particular student is arbitrary or capricious. See *Frank* v. *Marquette Univ., supra; Dehaan* v. *Brandeis Univ.,* 150 F. Supp. 626, 627 (D. Mass. 1957). "In dealing with students who have violated rules or who have been guilty of conduct requiring discipline, differences may exist requiring, or at least reasonably permitting, differences in treatment." *Frank* v.

---

that they left the room for a time, then returned to find the door of the room closed but unlocked; that they tried forcibly to open the door, but did not succeed because someone was pushing against the door from inside the room; that other students joined in the attempt, and ultimately the door was opened and Coveney and Debs ran from the area; and that they entered their room and found the intoxicated woman partially unclothed upon the bed.

Coveney's counter affidavit states: "I went into [the room] without seeking out the occupants since the door was unlocked, I question whether specific permission was needed in order to enter. I assisted in keeping the door to [the room] shut for a negligible period of time, but I deny I knowingly prevented the rightful occupants from entering the room."

At the deposition, Coveney admitted that he knew that females were attempting to enter the room. In the entire circumstances, it is fair to conclude that it is undisputed that Coveney entered the room without permission of the occupants, and helped bar the entry of the rightful occupants.

*Marquette Univ., supra.* In this case, the undisputed facts indicate that the college's imposition of different punishments was not arbitrary or capricious. Bagley entered room 227 after Coveney and Debs, stayed for a lesser period of time, and, unlike Coveney and Debs, did not bar the entry of the rightful occupants. We conclude that the college acted neither arbitrarily nor in bad faith in subjecting Coveney to a more stringent punishment than that imposed on Bagley.

We also conclude that the granting of summary judgment against the plaintiffs was appropriate because Coveney executed a valid and binding general release which recited a consideration and was under seal, and which waived all past, present or future claims against the college arising out of any disciplinary action related to the night in question. See *Schuster* v. *Baskin,* 354 Mass. 137, 140-141 (1968); *Naukeag Inn, Inc.* v. *Rideout,* 351 Mass. 353, 356-357 (1966); *Lee* v. *Allied Sports Assocs.,* 349 Mass. 544, 549-551 (1965). In this case, Coveney executed the release in consideration for being granted a de novo hearing before the president of the college. The plaintiffs do not challenge the validity of the release on its face. Rather, they challenge the validity of the release on several other grounds: (1) that Coveney was already entitled to a hearing and, therefore, there was no consideration for the release, (2) that Coveney never received an adequate hearing and (3) that he signed the release under duress. We reject all these contentions. In doing so, we need not reach or rely on the college's persuasive arguments that, if Coveney was entitled to a hearing, he did receive one before the dean of students.

It is clear that because the college is a private institution, Coveney had no constitutional right to a hearing. See *Flagg Bros.* v. *Brooks,* 436 U.S. 149, 156-157 (1978); *Jansen* v. *Emory Univ.,* 440 F. Supp. 1060, 1062 (N.D. Ga. 1977), aff'd, 579 F.2d 45 (5th Cir. 1978). See also *Lorentzen* v. *Boston College,* 440 F. Supp. 464 (D. Mass. 1977), aff'd, 577 F.2d 720 (1st Cir. 1978), cert. denied, 440 U.S. 924 (1979). Furthermore, Coveney did not have a contractual right to a hearing based on a provision contained in the stu-

dent handbook that was in effect when he matriculated in the college. The student handbook that was in effect at the time of the incident that led to Coveney's expulsion is clear that there was no right to a hearing before expulsion from the college. A college is "clearly entitled to modify [its rules and regulations] so as to properly exercise its educational responsibility." *Mahavongsanan* v. *Hall*, 529 F.2d 448, 450 (5th Cir. 1976).

The release also may not be voided on the ground that Coveney never received an adequate hearing or that he signed the release under duress. We reject the plaintiffs' suggestion that Coveney was entitled to have an attorney present at the hearing. Because the college is a private institution, Coveney had no constitutional right to have an attorney present. Cf. *Gabrilowitz* v. *Newman*, 582 F.2d 100, 104-107 (1st Cir. 1978). In addition, the undisputed facts show that the presence of an attorney was not a condition of the release. Hence, the adequacy of the hearing before the president of the college may not be challenged on this ground. The hearing is also not invalid on the ground that the president was informed of the events prior to the hearing. See *Hortonville Joint School Dist. No. 1* v. *Hortonville Educ. Ass'n*, 426 U.S. 482, 492-493 (1976); *Slaughter* v. *Brigham Young Univ.*, 514 F.2d 622, 625-626 (10th Cir.), cert. denied, 423 U.S. 898 (1975). In addition, the president's failure to question the witnesses actively does not invalidate the hearing.

Finally, the release may not be voided on the theory of duress. To avoid a contract on the basis of duress, a party must show that conduct by the other party caused him to enter into the contract "under the influence of such fear as precludes him from exercising free will and judgment." *Avallone* v. *Elizabeth Arden Sales Corp.*, 344 Mass. 556, 561 (1962). Coveney admits that he signed the release "freely and voluntarily." His statements show no more than that he was upset at the prospect of not graduating. Therefore, duress has not been shown.

We affirm the judgment of the Superior Court on the grounds that Coveney's dismissal did not violate his contractual or constitutional rights and was not arbitrary or capricious. We also conclude that the judgment may be affirmed properly on the basis of the general release which Coveney executed in consideration for the hearing before the president of the college.

*Judgment affirmed.*