Silva, J.
By this appeal the defendant seeks to overturn the decision of the trial justice granting partial summary judgment on the issue of liability.
The plaintiff, a member of the Bar, brought this action to recover for services rendered pursuant to a client fee agreement entered into by the parties.[1] Suit was commenced in September 1983 and after various Motions and Discovery Pleadings, a Motion for Summary Judgment was filed. In the counter-affidavit the defendant alleged that the plaintiff abandoned her, just prior to trial, and refused to proceed further because the defendant had balked at a proposed property settlement worked out by the plaintiff and counsel for the defendant’s husband.
Summary Judgment was allowed on the issue of liability only, and' the defendant claimed a report. On January 23,1985, the trial judge notified the parties that there would be a hearing on the plaintiffs request for report, the defendant’s amended draft report, and for assessment of damages.
At the hearing the defendant, who was present in court, was called to testify and from the record it appears that the hearing went beyond the limited purposes initially stated in the notice. On May 5,1985 the following Order was entered:
“Assessment of Damages”
“This matter came on for hearing before the court,... at which time both *66 parties were given a full hearing as to all the issues raised by the complaint and answer and allowed to present all evidence that would have been admissible at a full trial. At the hearing, which lasted approximately three hours and involved the introduction of at least twenty exhibits, this court specifically finds that plaintiffs fee for legal services was reasonable, accurate, and proper according to the fee agreement between the parties. This court also specifically finds that plaintiff did not breach her agreement with the defendant. I hereby assess damages in the amount of $4,195.50 plus interest since September 26, 1983 of $809.72 and costs of $47.98 for a total of $5,053.20.”
The plaintiffs position seems to be that the defendant has no cause to complain because, even though liability had been established by virtue of the allowance of the Motion for Summary Judgment, she still had a full hearing. This may satisfy procedural due process, but we question the fairness of such a hearing since the prior judgment had not been vacated. We also question the wisdom of combining a draft report hearing with what now appears to have been a hearing on the merits.
Summary Judgment is authorized where, but only where, the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. It is a device, when properly applied for making prompt dispositions of controversies on their merit, without trial, if there is no genuine issue as to any material fact, thereby entitling the moving party to judgment as a matter of law. It is a device, when properly applied, for making prompt dispositions of controversies on their merit, without trial, if there is no real dispute as to the facts or where a question of law is involved. Community National Bank v. Dawes, 369 Mass. 550, 553, 554 (1976).
The judge hearing the Motion must look at the affidavits and other supporting materials, including inferences which may be drawn therefrom, in the light most favorable to the party opposing the Motion to determine if there is an issue of material fact. Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, (1983).
From a reading of all of the pertinent documents it appears that the defendant raised the issue of breach of contract by the plaintiffs alleged abandonment of the defendant'two weeks before the rescheduled trial date. This was a genuine issue of fact and the defendant was entitled to a hearing on the question of what their agreement was with regard to solving her domestic relation problems. The defendant’s contention is that the parties had an agreement whereby the plaintiff would procure a divorce and property settlement for which she was to be paid in accordance with the fee agreement.
Whether a writing embodies an agreement or serves simply as a memorandum is a question of fact. Carlo Bianchi & Co. v. Builders ’ Equipment & Supply Co., 347 Mass. 636. The fee agreement appeared to have covered the amount the plaintiff was to be paid, but said very little about what services the plaintiff was to perform.
The trial court’s allowance of partial Summary Judgment is vacated and this case is remanded for hearing.

 I, LORNA SCAMMELL, of Wellesley Hills, Massachusetts, the “Client,” hereby agree to retain FLORENCE M. BERKE, 16 Coolidge Road, Marblehead, Massachusetts,’in connection with certain marital difficulties which have arisen between the Client and her husband.
1. Florence M. Berke hereby acknowledges receipt of Six Hundred Dollars ($600.00) asa retainer in this matter, and in consideration of the payment thereof, agrees to provide legal services in connection therewith.
2. It is agreed by and between the Client and Florence M. Berke that the retainer paid herein by the Client shall be applied against legal services actually performed by Florence M. Berke for the Client, which services shall be charged at the following standard hourly rates:
(a) Florence M. Berke, $100.00
(b) Associates, $50.00
3. Interim billings may be submitted to the Client from time to time in the event the time charges of Florence M. Berke exceed the initial retainer.
4. The Client agrees to assume and pay for all out-of-pocket disbursements incurred in connection with this matter (e.g., filing fees, travel, sheriffs’ fees, expenses of depositions, investigative expenses and other incidental expenses); and Florence M. Berke agrees to obtain the Client’s prior approval before incurring any disbursements in excess of Three Hundred Dollars ($300.00).
5. Client understands that Florence M. Berke has made no representations concerning the successful termination of the claim or claims relating to the matter in controversy or the favorable outcome of the legal action.