JOSEPH GAUTHIER vs. POLICE COMMISSIONER OF BOSTON[1]
& another.[2]

Suffolk. April 5, 1990. - August 13, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Summary judgment. *Civil Rights*, Availability of remedy. *Controlled Substances. Search and Seizure*, Urine sample. *Constitutional Law*, Search and seizure. *Privacy. Police*, Urine testing.

An unannounced, warrantless, suspicionless urinalysis test of a police academy cadet, who had agreed to drug testing by urinalysis as a precondition to employment whether or not the testing was closely supervised, did not violate either art. 14 of the Massachusetts Declaration of Rights, or G. L. c. 12, §§ 11H and 11I, the Massachusetts Civil Rights Act, where the public interest in discovering and deterring drug use by police officers outweighed the invasiveness of the search. [338] LIACOS, C.J., concurring; GREANEY, J., concurring, with whom LIACOS, C.J., and ABRAMS, J., joined.

A police academy supervisor's informing other cadets that a certain cadet had been dismissed from the academy for failing a urinalysis drug test, which had been administered to all cadets as a condition of their employment, did not violate the cadet's privacy interests under G. L. c. 214, §1B, where the benefit to the public interest served by such limited publication, together with the diminution of the cadets' reasonable expectation of privacy due to the obvious physical and ethical demands of their employment, weighed in favor of the supervisor's limited disclosure. [338-339]

CIVIL ACTION commenced in the Superior Court Department on January 26, 1989.

The case was heard by *Elbert Tuttle*, J., on motions for summary judgment.

---

[1]Individually and in his official capacity.

[2]The city of Boston.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael D. Powers* (*Shirley M. Foley* with him) for the plaintiff.

*Kevin S. McDermott*, Special Assistant Corporation Counsel (*Zara Kilmurray* with him) for the defendants.

O'CONNOR, J. As in the case of *O'Connor v. Police Comm'r of Boston, ante* 324 (1990), the plaintiff in this case was a cadet at the Boston Police Academy (academy) who was discharged after the Boston police department (department) received notice that the monitored urinalysis test to which he and all other cadets had been required to submit had revealed traces of cocaine. The plaintiff then brought this action alleging in a verified complaint that the unannounced, warrantless, suspicionless urinalysis test, in which supervisory personnel watched the cadets urinating, violated the plaintiff's rights secured by various articles of the Declaration of Rights of the Massachusetts Constitution. The plaintiff asserted rights to injunctive relief and damages based directly on the alleged constitutional violations and also pursuant to the Massachusetts Civil Rights Act, G. L. c. 12, §§ 11H and 11I (1988 ed.). Also in his complaint, the plaintiff claims that the defendants violated his rights under the Commonwealth's invasion of privacy statute, G. L. c. 214, § 1B, when a supervisor at the academy told other cadets that the plaintiff had been dismissed for failing the urinalysis test.[3]

The plaintiff moved for summary judgment on one of the four counts in his complaint, and the defendants moved for summary judgment on all counts. A judge denied the plaintiff's motion and allowed that of the defendants. The plaintiff appealed, and we transferred the case here on our own initiative. We now affirm the judgment for the defendants.

---

[3]Unlike the plaintiff in *O'Connor v. Police Comm'r of Boston, supra* at 329-331, the plaintiff here does not assert that the urinalysis test violated his rights under G. L. c. 214, § 1B (1988 ed.).

The following undisputed facts have been established for purposes of the defendants' summary judgment motion. The plaintiff was appointed to the department in June, 1988, and was assigned to the academy for several weeks of training. When appointed, the plaintiff signed a form in which he agreed to submit to urinalysis when requested to by the department. On September 6, 1988, the plaintiff, along with all other probationary recruits at the academy, submitted a urine sample to be tested for the presence of drugs. The sample was contained in a bottle with a label showing the cadet's name and identification number and was placed with a "chain of custody" form into a sealed evidence bag and then into a box in accordance with established written department procedure. The plaintiff was discharged from the academy on September 9, 1988, after the urinalysis test revealed traces of cocaine. A few days later, an officer told the remaining cadets that the plaintiff had been dismissed from the academy because he had failed his drug test. The plaintiff's test results were not divulged by the defendants to the general public or potential employers of the plaintiff.

In addition to those undisputed facts, other relevant facts asserted by the plaintiff in his verified complaint and by affidavit remain in dispute. In ruling on the defendants' summary judgment motion, the judge assumed the plaintiff's disputed assertions to be true, and we do likewise. See *Coveney v. President & Trustees of the College of the Holy Cross*, 388 Mass. 16, 17 (1983). Accordingly, we assume that the plaintiff was directly and closely observed by supervising officers while providing the urine sample, that other recruits had access to the box in which the cadets' samples were kept, and that the plaintiff's test results were "not kept confidential" to the extent they were divulged to other cadets.

On appeal, the plaintiff's arguments based on the Massachusetts Declaration of Rights appear to be limited to art. 14. The plaintiff argues that direct observation by supervisory personnel of the plaintiff's act of urination is an unreasonable invasion of privacy in violation of his rights protected by art. 14. He also argues that such tests violated his art. 14

rights regardless of the closeness of supervision because they were conducted without probable cause or even reasonable suspicion that incriminatory evidence would be discovered thereby. The plaintiff appears to argue that he is entitled to relief for the violation of his art. 14 rights both under G. L. c. 12, §§ 11H and 11I, and independently of that statute. The plaintiff does not argue that the test was legally deficient from a reliability standpoint. Finally, the plaintiff contends that the defendants violated his privacy interests under G. L. c. 214, § 1B, by informing his fellow cadets of his test results.

The plaintiff's arguments that are predicated on art. 14 and G. L. c. 12, §§ 11H and 11I, are controlled by our decision in *O'Connor* v. *Police Comm'r of Boston, supra* at 328-329, 331-332. We hold in that case, as we hold in this case, that the drug testing by urinalysis of a police cadet who has agreed to drug testing by urinalysis as a precondition to employment whether or not the testing is closely supervised, does not violate art. 14 or c. 12, §§ 11H and 11I, because the public interest in discovering and deterring drug use by police officers outweighs the invasiveness of the search. *Id.* at 328-329.

We turn to the invasion of privacy claim under G. L. c. 214, § 1B. The plaintiff argues that the defendants violated that statute when his superior officer told the other cadets about his dismissal from the academy for testing positive for drugs. General Laws c. 214, § 1B, provides in relevant part: "A person shall have a right against unreasonable, substantial or serious interference with his privacy." In the employment context, "[i]n determining whether there is a violation of § 1B, it is necessary to balance the employer's legitimate business interest in obtaining *and publishing* the information against the substantiality of the intrusion on the employee's privacy resulting from the disclosure" (emphasis added). *Bratt* v. *International Business Machs. Corp.*, 392 Mass. 508, 521 (1984). This principle applies to public as well as private employment. *O'Connor* v. *Police Comm'r of Boston, supra* at 330. As we have stated above in connection

with the plaintiff's art. 14 and G. L. c. 12, §§ 11H and 11I, arguments, the public, and therefore the defendants, have a legitimate interest in deterring drug use by police cadets. See *O'Connor, supra* at 328-329. Furthermore, deterrence is clearly served by prompt disclosure to those who passed the drug test that those who did not had been dismissed. In view of the public interest served by such limited publication, together with the diminution of the cadets' reasonable expectation of privacy due to the obvious physical and ethical demands of their employment, see *O'Connor, supra* at 328, the balance of interests as a matter of law weighs in favor of the defendants. There is no genuine issue of material fact bearing on the G. L. c. 214, § 1B, claim.

The judge correctly ordered summary judgment for the defendants on all the plaintiff's claims.

*Judgment affirmed.*

LIACOS, C.J. (concurring). For the reasons stated in my separate opinion in *O'Connor* v. *Police Comm'r of Boston, ante* 332 (1990), I concur.

GREANEY, J. (concurring, with whom Liacos, C.J., and Abrams, J., join). For the reasons stated in my separate opinion in *O'Connor* v. *Police Comm'r of Boston, ante* 332-334 (1990), I concur in the result in this case.