Curran, Dennis J., J.
Ibner Casseus and Lyonel Telfort, drivers for the Eastern Bus Company, Inc., have sued that company and its owner and president, Chuck Winitzer, for failure to pay overtime wages, in violation of G.L.c. 151, §§1A and IB. In addition, Mr. Telfort has sued for retaliatory termination in violation of G.L.c. 151, §19 and G.L.c. 149, §150.
The case is before the court on the plaintiffs’ and defendants’ cross motions for summary judgment, which focus primarily on a single question of statutory interpretation: whether the overtime exemption for employees of an employer licensed and regulated as a charter transportation service applies to the plaintiffs. The summary judgment record contains no facts material to a prior session judge’s consideration of, and ruling on, this question of law in this case. Therefore, that earlier determination must stand: the overtime exemption does not apply, and the bus driver plaintiffs are now entitled to summary judgment on their claim for overtime wages. The defendants also seek summary judgment as to Mr. Telfort’s retaliation claim. Because there are numerous disputes of material fact regarding the defendants’ stated reasons for Mr. Telfort’s termination, summary judgment must be denied.
BACKGROUND
Eastern Bus is a charter bus company that provides transportation services to a variety of entities, including school districts throughout Massachusetts. As *363 such, it is required to, and does, hold a charter services license under G.L.c. 159A. Eastern Bus is employed by both municipal and private entities in about equal measure; 43.3% of all charter jobs it performed in 2015 were for non-municipal clients. Its work for municipal clients includes contracts to transport children to, and from, school in the mornings and evenings, as well as to and from school-sponsored events such as field trips and athletic competitions.
Messrs. Casseus and Telfort, and other individuals employed as drivers by Eastern Bus are assigned to drive routes that Eastern Bus designates as either “school” or “charter.” School routes are those routes that involve transporting students to and from school in the mornings and evenings. All other routes are charter routes. Eastern Bus pays its drivers one rate for school routes and another for charter routes, but makes no distinction between charter routes performed for municipal (school) clients and other clients.
During the school year, drivers usually work between 25 and 40 hours each week driving school routes. They may also exceed 40 hours a week driving only school routes, or as a result of the combination of school routes and charter routes driven for school clients. Eastern Bus pays no overtime wages to its drivers.
ANALYSIS
On a motion for summary judgment, it is the moving party’s burden to show that there is “no genuine issue of material fact and that [it] is entitled to judgment as a matter of law.” Madsen v. Erwin, 395 Mass. 715, 719 (1985). The moving party may meet this burden “either through affirmative evidence or by showing an absence of evidence to support an essential element of the nonmoving party’s claim.” Dennis v. Kaskel, 79 Mass.App.Ct. 736, 741 (2011), citing Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). In considering such amotion, courts must view the facts, and the inferences that can reasonably be drawn from them, in the light most favorable to the nonmoving party. Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983).
I. Failure to Pay Overtime Wages
General Laws c. 151, §1A(11) provides employers must pay overtime wages, unless the employee “is employed ... by an employer licensed and regulated pursuant to [G.L.c. 159A].” It is undisputed that for purposes of its non-school-related charter work, Eastern Bus is licensed and regulated under Chapter 159A, and is thus at least partially exempt from the Chapter 151 overtime requirement. However, earlier in this case, a prior session judge ruled that this exemption does not cover Eastern Bus’s “particular employment of Plaintiffs to transport children to and from school [and school-related events]” because that activity “is neither conducted pursuant to, nor subject to regulation by virtue of, [its chapter 159A] [c]harter [s]ervices [l]icense.”
Eastern Bus now contends that because, as a company, it performs a significant amount of charter work that is regulated under Chapter 159A, any non-regulated (and thus non-exempt) work performed by Mr. Casseus, Mr. Telfort, or similarly situated employees is so minimal that they are not entitled to overtime wages even for non-regulated, non-exempt work in excess of 40 hours per week. It also revives its argument that transport of children to and from school-related events, under a contract with the school, is not “school” work and should fall within the exemption. The former is unpersuasive and is unsupported by Massachusetts case law; the latter was already rejected by the prior session judge in his Memorandum and Order on the defendants’ motion to dismiss.
The court’s previous holding was clear: the overtime exemption for employers regulated under Chapter 159A is not a blanket exemption that applies to all employees, whether or not their actual work is related, or performed under the fact of the employer’s regulation. The summaiy judgment record is also clear: Mr. Casseus, Mr. Telfort, and other drivers employed by Eastern Bus performed, and did not receive overtime wages for some amount of non-regulated, and thus non-exempt, work in excess of 40 hours per work. They are therefore entitled to payment for that work, and summaiy judgment shall enter on their claim for violation of G.L.c. 151, §§1A and IB.
II. Retaliatoiy Termination
In order to prevail on a claim for retaliatory termination in violation of G.L.c. 151, §19 and G.L.c. 149, §150, Mr. Telfort must demonstrate that “(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected activity.” Karatihy v. Com. Flats Dev. Corp., 84 Mass.App.Ct. 253, 255 (2013), citing Mole v. Univ. of Mass., 442 Mass. 582, 591-92 (2004). It is undisputed that Mr. Telfort’s participation in this suit is protected activity, and that his employment at Eastern Bus was terminated after the suit was filed. However, there is a dispute as to the cause of his termination: Eastern Bus contends that it was due to Mr. Telfort’s disciplinary lapses including several “no call/no show” absences; Mr. Telfort denies that these “no call/no show” absences ever occurred. Because the summary judgment record contains conflicting deposition and documentary evidence as to whether Mr. Telfort was ever a “no call/no show” absentee, as well as other conflicting evidence regarding the reasons and circumstances behind Mr. Telfort’s termination, a jury could equally conclude that Eastern Bus’s stated disciplinary reasons are true, or instead, that they were a pretext to disguise unlawful discriminatory animus against Mr. Telfort due to his protected activity. See Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001) (“[W]epermit *364 the factfinder to infer discriminatory animus (and causation) from proof that the employer offered a false reason for the adverse employment decision”). Therefore, a dispute of material fact exists as to the cause of Mr. Telfort’s termination. Eastern Bus is not entitled to summary judgment on this claim.
CONCLUSION AND ORDER
Accordingly, the plaintiffs motion for partial summary judgment is ALLOWED and the defendant’s motion for summary judgment is DENIED.