Curran, Dennis J., J.
Brent Watkins has sued for injunctive relief from, and to recover damages for, alleged violations of the Massachusetts Debt Collection Regulations, 940 Code Mass. Regs. §7.04, and the Massachusetts Consumer Protection Act, G.L.c. 93A, §2, by the defendant Glenn Associates, Inc. The unambiguous language of the Debt Collection regulations states that it is an “unfair and deceptive act or practice for a creditor to .. . initiat[e] a communication with any debtor via telephone... in excess of two such communications in each seven-day period ...” 940 Code Mass. Regs. §7.04(l)(f). Glenn Associates argues that reaching Mr. Watkins’ voicemail system but deciding not to leave a message, is not a “communication.” That defense must fail because it is contrary to both the language of the state regulation and the Guidance issued by the Office of the Attorney General. Therefore, Mr. Watkins is entitled to summary judgment.
BACKGROUND
On December 17, 2014, at 5:50 p.m. a representative from Glenn Associates called Mr. Watkins’ cell phone and spoke to him regarding an alleged outstanding college tuition debt. Glenn Associates then called Mr. Watkins’ cell phone five days later on December 22, 2014 twice—at 11:12 a.m. and 6:08 p.m.— and again on the very next day on December 23, 2014—again twice—at 10:18 a.m. and 5:55 p.m. All four calls successfully connected to Mr. Watkins’ voicemail system, but Glenn Associates left no message.
ANALYSIS
On a motion for summary judgment, it is the moving party’s burden to show that there is “no genuine issue of material fact and that [it] is entitled to judgment as a matter of law.” Madsen v. Erwin, 395 Mass. 715, 719 (1985). The moving party may meet this burden “either through affirmative evidence or by showing an absence of evidence to support an essen *369 tial element of the nonmoving party’s claim.” Dennis v. Kaskel, 79 Mass.App.Ct. 736, 741 (2011), citing Flesner v. Technical Communications Corp., 410 Mass. 805 (1991). In considering such a motion, the court must view the facts, and the inferences that can reasonably be drawn from them, in the light most favorable to the nonmoving party. Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983).
It is undisputed that Glenn Associates is a creditor, Mr. Watkins is a debtor, and that Glenn Associates called Mr. Watkins regarding a debt more than twice in a seven-day period. The only question before the court is one of statutory interpretation: whether the telephone calls in question constituted “initiating a communication” under the state debt collection regulations. Mr. Watkins contends that they are, under the plain language of the statute and under the Attorney General’s Guidance; Glenn Associates contends that they are not, because a “communication” requires a successful transmittal of information, which in its view could only be accomplished by speaking to Mr. Watkins or leaving a voicemail.
Glenn Associates’ interpretation of “communication,” as that term is used in the debt collection law, fails for two reasons. First, that law defines communication as “conveying information directly or indirectly to any person.” 940 Code Mass. Regs. §7.03 (emphasis added). Thus, repeatedly calling Mr. Watkins’ cell phone from a number identified as belonging to Glenn Associates indirectly conveyed to Mr. Watkins its demand that he speak with them—again—even without Glenn Associates leaving a voicemail, the calls fall squarely within the law’s definition of “communication.
Second, and more importantly, “[¡Insofar as the Attorney General’s Office is the department charged with enforcing [particular laws], its interpretation of the protections provided thereunder is entitled to substantial deference, at least where it is not inconsistent with the plain language of the statutory provisions.” Smith v. Winter Place, LLC, 447 Mass. 363, 367-68 (2006) (holding that Attorney General’s Office was entitled to deference in its interpretation of wage and hour laws). Shortly after promulgating the revised debt collection regulation in 2011, the Attorney General’s Office issued a Guidance, “[i]n order to provide clarity on . . . issues raised in connection with compliance . . .” Office of the Attorney General, Guidance with Respect to Debt Collection Regulations, 2013, http: / / www.mass .gov/ago/ docs / government / debt-colle ction-guidance-2013.pdf. In that document, the Attorney General stated that the primary purpose of 940 Code Mass. Regs. §7.04 was to “limit the number of times a creditor can communicate with a debtor via telephone to try to collect a debt.” Thus, it explained, “unsuccessful attempts by a creditor to reach a debtor via telephone may not constitute initiation of communication if the creditor is truly unable to reach the debtor or to leave a message for the debtor.” It also reserved to itself the right, “[n]otwithstanding this interpretation, [to] consider enforcement action against any conduct . . . the natural consequence of which is to harass, oppress, or abuse a debtor.”
Moreover, the Debt Collection regulation does not limit the harassment of debtors to simply the number of times creditor may call. It also prohibits “[u]sing profane or obscene language,” “[p]lacing telephone calls at times known to be times other than the normal waking hours of a debtor,” or “[p]lacing any telephone calls to the debtor’s place of employment if the debtor has made a written or oral request that such telephone calls not be made at the place of employment.” 940 Code Mass. Regs. §7.04(c), (g)-(h). Taken as awhole, the Guidance and the state regulation evidence a clear intent by the Attorney General to limit the pressure that debt collectors may exert upon a person who simply owes a debt, to prevent a creditor from intruding upon a debtor’s personal life, and to protect them from harassment, oppression, and abuse. Glenn Associates’ position that its uncompleted (because no voicemail was left) attempts at communication are, per se, not “communication” under the statute is directly contradictoiy to the Attorney General’s Guidance that “unsuccessful attempts by a creditor . . . may not constitute initiation of communication if the creditor is truly unable ... to leave a message for the debtor” (emphasis added).
There is much to be said for an individual’s peace of mind in an economic society that seeks to destroy it. The defendant’s conduct was insidiously and obviously designed—twice—to invade the privacy of an individual’s dinner hour. That is simply not right.
To paraphrase the 13th century Persian poet and theologian, Rumi:
No thief [should be able to] steal our Peace of mind [or] light of day.
Cast legally, if a creditor is in fact able to leave a message for the debtor, it cannot circumvent the Debt Collection law on excessive “initiation of communication” merely by choosing not to leave a voicemail. To hold otherwise would render the limit on initiating communication meaningless and permit creditors to call ceaselessly until the debtor had no choice but to answer—an outcome clearly contrary to the stated anti-harassment purpose of the Debt Collection law. In accordance with the regulatory language and the Attorney General’s specific Guidance on the scope of protection afforded by that law, Glenn Associates’ incessant phone calls on December 22 and 23, 2014 constituted “initiating communication.”
Mr. Watkins is, therefore, entitled to summary judgment.
CONCLUSION AND ORDER
Both the language of, and the intention behind, the Debt Collection law’s prohibition on initiating more *370 than two telephone communications with a debtor within a seven-day period are clear: to prevent the exact type of repetitive, aggressive, unwanted phone calls that occurred here. Had Glenn Associates left a voicemail on each occasion, there would be no question that its conduct violated 940 Code Mass. Regs. §7.04(l)(f) and, therefore, Chapter 93A. It cannot escape responsibility for its actions by thinking that it was skirting the law by failing to leave each such message, when the effect of the calls—constant intrusions upon an individual’s (here, Mr. Watkins’s) time, attention, and peace of mind—is the same.
For these reasons, Mr. Watkins’ motion for summary judgment is ALLOWED. Judgment shall enter forthwith on his behalf on liability.