Doerfer, J.
Plaintiff Ruben Diaz (“Diaz”) filed this action against his former employer, the Henry Lee Willis Community Center, Inc. (“Center”), for wrongful termination in violation of the anti-retaliation provisions of the Workers’ Compensation Act, G.L.c. 152, §75B(2). The Center has moved for summary judgment, contending that Diaz will be unable to establish at trial that he was terminated for filing a workers’ compensation claim. Diaz has opposed the motion for summary judgment, arguing that a genuine issue of material fact exists with regard to the reason for his termination.
For the following reasons, the Center’s motion for summary judgment is ALLOWED.
BACKGROUND
On July 1, 1991, Ruben Diaz was hired by the Center as a substance abuse counselor with the Center’s outpatient department. There is no evidence in the record that Diaz’s job performance was less than adequate.
In October of 1994, the Center contracted with Dolphin Resource Group, Inc. (“DRG”), to facilitate the financial and personnel reorganization of the Center. Nancy Oberreit, the president of DRG, was named interim director of the Center.
On October 27, 1994, Oberreit sent a memorandum to the Center’s board of directors about the current status of the Center, and indicated that her top priority was to “increase quality of outpatient services.” She expressed her concern about the “lack of overall expertise and supervision” in the outpatient department. She gave the opinion that the outpatient department “need[ed] immediate overhaul.”
On November 30, 1994, Diaz was injured while moving a file cabinet at the Center. Diaz began treatment for the injury to his lower back.
On December 1, 1994, Oberreit’s executive director report stated, with regard to the outpatient department, “(t]wo of the current staff are not qualified to provide service under either DPH or MHMA minimum standards.” She indicated that the Mental Health Management Association, a medicare managed care provider, would suspend referrals to the Outpatient Department until “remediation of the current conditions could take place.”
On December 9, 1994, an Employer’s First Report of Injury or Fatality was completed by Diaz with the assistance of an administrative assistant at the Center. The form states that Diaz notified the “Acting Director” about his injury on the date that it occurred.
On January6, 1995, sixweeks after his injury, Diaz was terminated from his employment at the Center. The termination letter stated that Diaz was discharged as a result of restructuring within the outpatient department. Another substance abuse counselor was also terminated due to “restructuring.”
The minutes of the Center’s January 21, 1995 board meeting, which occurred two weeks after Diaz’s termination, indicate that the outpatient program “has undergone a major overhaul in the past three months.”
Diaz entered into a lump sum settlement of his workers’ compensation claim with the Center on May 1, 1995; until the date of the settlement, the Center continued to maintain that Diaz’s injury was not work related.
DISCUSSION
The Center asks this Court to grant summary judgment in its favor, as a matter of law, pursuant to Mass.R.Civ.P. 56. A court grants summary judgment *170 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “Ifthe moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion ...” Id.
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the non-moving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Diaz claims that the Center wrongfully terminated him in violation of the anti-retaliation provisions of the Workers’ Compensation Act, G.L.c. 152, §75B(2). The statute states that
No employer . . . shall discharge, refuse to hire or in any other manner discriminate against an employee because the employee has exercised a right afforded by this chapter . . .
There is a dearth of Massachusetts caselaw discussing this particular statute, and none of the cases sets forth a distinct test for evaluating a retaliatory discharge claim pursuant to G.L.c. 152, §75B(2). In the absence of a clearly defined standard for evaluating a claim under §75B(2), Diaz’s claim can be analyzed with reference to the nearly identical anti-retaliation provisions of the Massachusetts Discrimination Act, G.L.c. 151B. Pursuant to c. 15 IB, a defendant is prohibited from retaliating against an employee because that employee filed a complaint, testified or assisted in an MCAD or court proceeding. See G.L.c. 151B, §§4(4) and 4(4A). Similarly, §75B(2) prohibits an employer from retaliating against an employee for exercising his rights under the Workers’ Compensation Act.
To recover on a retaliatory discharge claim under 15 IB, a plaintiff must establish that (1) he engaged in a protected activity by filing a complaint, testifying or assisting in an MCAD or court proceeding; (2) the defendant was aware of that protected activity; (3) the defendant thereafter took an adverse employment action against the plaintiff; and (4) but for the plaintiffs activity, the defendant would not have taken the adverse employment action against him. See MacCormack v. Boston Edison Co., 423 Mass. 652, 662-63 (1996); see also, Ruffino v. State Street Bank & Trust Co., 908 F.Sup. 1019, 1044 (D.Mass. 1995) (analyzing state law claim).
Applying a similar analysis to the instant case, Diaz would be required to establish that he exercised his rights under the Workers’ Compensation Act, that the Center was aware of his claim, that the Center took an adverse employment action against him, and that but for the exercise of rights under the Workers’ Compensation Act, Diaz would not have suffered the adverse employment action.[1] Diaz argues, and the Center concedes, that he has satisfied the first and third prongs of this test. The evidence produced by Diaz establishes that he did in fact engage in a protected activity, by asserting his rights under the Workers’ Compensation Act after his accident on November 30, 1994. Further, Diaz has established that he suffered an adverse employment action, being terminated from his position as substance abuse counselor at the Henry Lee Willis Community Center.
The second prong of this test, the Center’s knowledge of Diaz’s workers’ compensation claim, is disputed by the parties. Diaz claims that the Center was aware of his accident on November 30, 1994; the Center claims, conversely, that the persons responsible for Diaz’s termination, Nancy Oberreit and Carl Baylis, were not aware of the accident at the time they made the decision to terminate him. This dispute of fact is rendered immaterial, however, as Diaz has failed to meet his burden under the fourth prong of this test, that is, he has failed to prove that but for his assertion of a workers’ compensation claim, he would not have been terminated.
“In presenting a case of retaliation, a plaintiff must ‘produce evidence that, if believed, would be sufficient to establish facts that would entitle him to judgment.’ ” MacCormack v. Boston Edison Company, 423 Mass. 652, 663 (1996) quoting Whalen v. NYNEX Info Resources Co., 419 Mass. 792, 796 (1995). In the instant case, Diaz has provided no evidence that his workplace injury was the cause of his termination; he has shown only that the two events were close in time. Such evidence is insufficient to establish the required causation. See MacCormack at n. 11 (mere fact that allegedly adverse employment action followed employee’s assertion of rights under 151B is not sufficient to sustain causation).
The sole factual support for Diaz’s claim of retaliation revolves around the temporal relationship between his workers’ compensation claim and his termination. Diaz, when asked in his deposition to provide all of the facts that support his claim of retaliatory discharge, stated that “when they terminated me, they terminate me because I was angry with them. I was very angry with them. To them I was a troublemaker, and because of that, you know, they terminate me.” (Diaz Deposition, p. 51.) When prompted further, he stated that “I think that that’s the way it happened. I was workmen’s comp., and been on workmen’s comp., in the middle of the whole negotiation I see a letter. You’re terminated. You know, what more than that?” (Diaz Deposition, p. 52.)
The evidence presented by the Center, conversely, demonstrates that as early as October 27, 1994, Oberreit was concerned about the quality of service pro *171 vided by the outpatient department, and was beginning to plan for an “immediate overhaul.” The executive director’s report of December 1, 1994 indicates that “remediation of the current conditions” in the Outpatient Department would occur shortly.
The Center has produced evidence of substantial quantity and quality to demonstrate that Diaz was terminated due to the restructuring of the outpatient department, and not due to his workers’ compensation claim. It is true that summary judgment rarely lies in a case such as this, where motive of the employer is at issue. See Ourfalian v. Aro Manufacturing Co., 31 Mass.App.Ct. 294 atn. 3 (1991). Here, however, Diaz has been unable to provide any evidence to contradict the Center’s stated reason for his dismissal, other than the temporal relationship between his workplace injury and his termination. Diaz has therefore failed to establish that the Center fired him “because” of his exercise of rights under the Workers" Compensation Act.
Accordingly, this Court finds that no genuine issue of material fact exists with regard to the reason for Diaz’s termination, and summary judgment must be entered in the Center’s favor.
ORDER
For the foregoing reasons, it is ORDERED that the Center’s motion for summary judgment is ALLOWED.

The Massachusetts District Court, in analyzing a §75B(2) claim, recognized that the Massachusetts state courts “offer little guidance as to the applicable standards for determining when an employer has acted ‘because’ of the employee’s assertion of workers’ compensation rights.” Downs v. Massachusetts Bay Transportation Authority, 1998 WL 388886 at 13. The district court utilized a higher standard of causation than that required under MacCormack, stating that “[i]t is not enough for the plaintiff to show that his workers’ compensation claims were a but-for cause of his firing. Rather, the claims must have been a motivating factor for the discharge to be considered retaliatory." Id.