Lemire, James R., J.
This is a civil action in which the plaintiff, Peter Walker (“Walker”), alleges that as a result of his filing for workers’ compensation, the defendant, Massachusetts Department of Correction (“Department”), committed unlawful retaliation when they passed him over for a promotion in violation of G.L.c. 152, §75B(2). Walker filed a one (1) count complaint alleging violation of G.L.c. 152, §75B(2). The Department now moves this court for an entry of summary judgment on the grounds that Walker cannot (1) show a prima facie case of discrimination and (2) that the Department’s reasons for passing Walker over for the promotion were proper. For the following reasons, the Department’s motion is hereby ALLOWED.
BACKGROUND
The relevant undisputed and disputed facts, viewed in the light most favorable to the non-moving party, are as follows.
Walker began working as a corrections officer for the Department on September 8, 1996, starting out in the position of Corrections Officer I. In June 27, 2001, Walker went on industrial accident (“IA”) leave from his position at the Department after injuring his wrist while breaking up an inmate fight. His physician’s report of March 11, 2002, indicated that he could not “guard prisoners, write, shoot a weapon, or fight,” and that he “may not use [his] left hand independently or for bimanual work.” The report also indicated that he was totally disabled, and that it was unknown when *389 he would be fit to return to work. Walker’s physician made similar recommendations on July 6, 2002. Walker did not return to work until October 23, 2002. While on IA, Walker collected workers’ compensation.
On April 26, 2002, a Civil Service Promotional List for Corrections Officer II was certified, and effective June 23, 2002, the Department sought to make at least 84 promotions to the Corrections Officer II position. Accordingly, a Civil Service Exam was administered. Walker took the exam and scored 88%. Walker was placed on the Civil Service Promotional List for Corrections Officer II, and he completed the required form and submitted it to the Department.
The Department made selections for the promotion to Corrections Officer II based on the Civil Service Exam score and employment histoiy in the department. Incorporated in an applicant’s employment history is their medical status. On June 23, 2002, the Department promoted 120 employees to Corrections Officer II, some of which had a Civil Service Exam score as low as 87%. The Department passed over Walker for the promotion because he was on IA at the time of the promotion. The Department relied upon Walker’s physician’s report and his “continuing disability claim form” in determining that he would be unable to perform the essential functions of Corrections Officer II as of June 23, 2002, and that he would not be able to return to work within the thirty (30) day acceptance period.
DISCUSSION
I. Standard of Review
Summaiy judgment is appropriate when the sum-maiy judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summaiy judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’.. . that there is an absence of evidence to support the non-moving party’s case”).
In reviewing a motion for summaiy judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summaiy judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summaiy judgment is still available if the parly with the burden of proof at trial . . . fails to present in the summaiy judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston 410 Mass. 553, 557 (1991).
II. Walker’s G.L.c. 152, §75B(2) Claim
Walker claims that the Department retaliated against him by passing him over for a promotion because he filed for workers’ compensation. The Workers’ Compensation statute, G.L.c. 152, §75B(2) (2007) provides that “no employer... shall discharge, refuse to hire, or in any other manner discriminate against an employee because the employee has exercised a right afforded by [this chapter].” In analyzing a retaliation claim under G.L.c. 152, §75B(2), the court follows the burden-shifting analysis that Massachusetts courts apply under the related anti-retaliation provision of the Massachusetts Fair Employment Practices Act, G.L.c. 151B, §4(4) (2007).
The tripartite burden-shifting analysis is well established in Massachusetts. A party pursuing a claim under G.L.c. 152, §75B(2) bears the initial burden of establishing a prima facie case of discrimination. If such a prima facie case is made out, the burden shifts to the defendant to offer lawful grounds for the adverse employment action. If the defendant succeeds in his showing, the burden then shifts back to the plaintiff to show that the defendant’s proffered grounds are pretextual. Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 128 (1997).
In establishing a prima facie case on a retaliatoiy employment claim, a plaintiff must establish that (1) he engaged in a protected activity; (2) the defendant was aware of that protected activity; (3) the defendant thereafter took an adverse employment action against the plaintiff; and (4) but for the plaintiffs activity, the defendant would not have taken the adverse employment action against him. See MacCormack v. Boston Edison Co., 423 Mass. 652, 662-63 (1996).
*390 I. Prima Facie Case
Viewing the facts in the light most favorable to Walker, the court finds that the Department has shown that there is no evidence to support a prima facie case of retaliation. Specifically, there is no evidence to sustain Walker’s allegations that the Department bypassed his promotion application because he filed for workers’ compensation.
The Department contends that they bypassed Walker for the promotion because he was on IA, and thus, unable to perform the duties incumbent upon the Corrections Officer II position. Walker points to the Department’s proffered reason for his promotional bypass as an explicit admission by the Department that they did not promote him because he filed for workers’ compensation while on IA. Walker’s argument fails to draw the distinction between being passed over for the promotion because he filed for workers’ compensation, which is forbidden by c. 152, §75B(2), and being passed over for the promotion because he was unable to perform the essential duties of the position, which is a legitimate reason for denying the promotion. The record supports the Department’s contention that Walker was bypassed because he was unfit for the promotion. Walker has submitted no evidence suggesting otherwise.
The rigors of the Corrections Officer II position mandate the use of both hands in order to carry out the position’s essential functions. The Corrections Officer II position requires officers to, among other duties, escort inmates, restrain prisoners, investigate suspicious activity, and respond to emergency situations such as threats, assaults, medical emergencies, fires and escapes. The position also requires the ability to properly use firearms, use force/restraints, administer CPR/First Aid, and employ fire safety techniques.
Walker, however, did not have the use of both hands. At the time of the adverse employment action, Walker was out on IA suffering from a sprained left wrist that led his doctor to proscribe the use of his (dominant) left hand independently or for bimanual work. Walker’s doctor’s reports indicated that he was totally disabled and could not “guard prisoners, write, shoot a weapon, or fight” and that he should not carry/lift, push or pull more than 10 pounds. The extent of Walker’s injuiy left his doctor unsure when Walker would be able to return to work.
Based on this diagnosis, Walker would not be able to perform several of the essential functions demanded of a Corrections Officer II. Walker would not be able to use his left hand to escort inmates or restrain prisoners. Were a fracas to break out, Walker’s injuiy would severely limit his ability to quell the disturbance. The evidence also indicates that Walker would be unable to use a firearm, another essential function of the position. Furthermore, the limitations imposed upon Walker’s ability to lift, push and pull would greatly constrain his ability to respond to emergencies requiring the use of his left, or indeed, both hands. See Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 542-43 (1995) (plaintiff failed to make out prima facie case of discrimination under related test of handicap discrimination where evidence showed that she would not be able to perform essential functions of her position based on her injuiy).
The Department has shown that Walker did not have the physical capabilities to carry out the essential functions of a Corrections Officer II at the time of the promotion. For this veiy reason, the Department denied Walker a promotion to Corrections Officer II. Walker has not presented any evidence to indicate that the Department’s reasons for bypassing him were based on his filing for workers’ compensation, and thus, has failed to present a prima facie case of discrimination. Because Walker cannot make the leap over the first hurdle in his discrimination allegation, his claim must fail. See Diaz v. Henry Lee Willis Cmty. Ctr., Civil No. 97-1045 (Worcester Super.Ct. Oct. 14, 1998) (Doerfer, J.) [9 Mass. L. Rptr. 169] (allowing summaiy judgment where plaintiff failed to present causal connection between filing of workers’ compensation claim and termination, and where defendants provided legitimate reasons for plaintiffs termination).
For the foregoing reasons, the court finds that there is no genuine issue of material fact and thus, the Department’s Motion for Summaiy Judgment is hereby ALLOWED.[1]
ORDER
For the foregoing reasons, it is hereby ORDERED that the Department’s Motion for Summaiy Judgment is ALLOWED.

The court acknowledges the Department’s Supplemental Motion for Summaiy Judgment contesting the court’s jurisdiction in this matter, and Walker’s Motion in opposition thereto. A decision on this issue, however, is unnecessary as the court is allowing the Department’s motion for the reasons stated above.