SIMPLEX TECHNOLOGIES, INC. *vs.* LIBERTY MUTUAL
INSURANCE COMPANY & another.[1]

Middlesex. November 5, 1998. - March 10, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Insurance,* Comprehensive liability insurance, Insurer's obligation to defend.
*Practice, Civil,* Burden of proof.

An insurer was required, under the applicable policy, to defend its insured in
several asbestos product liability actions, where the allegations in the
complaints were sufficient to permit recovery against the insured upon
proof that some of the plaintiffs were injured by products manufactured by
the insured. [197-200]

In a declaratory action brought by an insured against its primary and excess
insurers in connection with several asbestos product liability actions, in
which it was determined on appeal that the primary insurer was obliged to
defend and indemnify, the issue of the excess insurers' obligations was not
properly before the court. [200-201]


CIVIL ACTION commenced in the Superior Court Department on
July 24, 1996.

The case was heard by *Sandra L. Hamlin,* J., on a motion for
partial summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Marcia Golden Weiner* (*Carol A. Kelly* with her) for Liberty
Mutual Insurance Company.

*Robert P. Kavanaugh,* of California (*Lawrence M. Slotnick*
with him) for Home Insurance Company.

*John H. Kazanjian,* of New York (*John P. Winsbro,* of New
York, & *John A. Wortmann, Jr.,* with him) for the plaintiff.

LYNCH, J. The plaintiff, Simplex Technologies, Inc. (Simplex),
manufactured and distributed insulated wire and electric cable
products. Simplex was named as a defendant in a number of

[1]Home Insurance Company.

asbestos products liability actions. On July 24, 1996, Simplex sought a declaration in the Superior Court that its primary insurer, Liberty Mutual Insurance Company (Liberty Mutual), and its two excess insurers, Home Insurance Company (Home) and Employers Insurance of Wausau (Wausau), had a duty to defend it in the underlying products liability actions.

A Superior Court judge allowed Simplex's motion for partial summary judgment, declaring that Liberty Mutual had a duty to defend, and ordered it to reimburse defense costs that Simplex had already incurred. The judge's order also declared that "Home and Wausau[2] have secondary responsibilities to defend in the event that Liberty Mutual does not."

On appeal Liberty Mutual asserts that the relevant policies do not obligate it to defend Simplex in the underlying actions. Home argues on appeal that, as an excess carrier, it has no duty to defend Simplex. Home also challenges the judge's order insofar as it purports to rule on Home's potential indemnification obligations on the ground that there are insufficient facts in the record to permit such a ruling. We transferred the case here on our own motion and now conclude that the judge correctly determined that Liberty Mutual has a duty to defend Simplex in the underlying actions. We further conclude that the issue of Home's potential indemnification obligations was not before the judge.

Because we conclude that Liberty Mutual has a duty to defend Simplex, we do not address Simplex's alternative argument that the products hazard exclusion does not apply to claims alleging negligent failure to warn or bodily injury resulting from asbestos exposure, and we strike the declaration that Home has secondary responsibilities to defend in the event that Liberty Mutual does not.

1. *Liberty Mutual's defense obligations.* Simplex contends that Liberty Mutual, as primary insurer, has a duty to defend Simplex pursuant to the terms of the several insurance policies in effect during the relevant time periods. In reviewing this grant of summary judgment, we resolve all evidentiary inferences in favor of Liberty Mutual. *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991), and cases cited.

The duty to defend an insured against third-party actions arises if, in comparing the policy terms with the third-party complaint:

---

[2]Wausau did not appeal from the judge's order.

"[T]he allegations of the complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms . . . . Otherwise stated, the process is one of envisaging what kinds of losses may be proved as lying within the range of the allegations of the complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonably generated by the terms of the policy."

*Liberty Mut. Ins. Co.* v. *SCA Servs., Inc.*, 412 Mass. 330, 332 (1992), quoting *Continental Cas. Co.* v. *Gilbane Bldg. Co.*, 391 Mass. 143, 146-147 (1984).

The Liberty Mutual policies from 1951 through 1974 provided Simplex with comprehensive general liability coverage. These policies expressly require Liberty Mutual to "defend any suit against [Simplex] alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent." From this broad coverage, these policies exclude so-called products liability claims falling within the following language:

"It is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and the Property Damage Liability Coverage does not apply to bodily injury or property damage included within the Completed Operations Hazard or the Products Hazard."

The policy contains the following definitions:

" '[N]amed insured's products' means goods or products manufactured, sold, handled or distributed by the named insured or by others trading under his name, including any container thereof (other than a vehicle), but 'named insured's products' shall not include a vending machine or any property other than such container, rented to or located for use of others but not sold . . . .

" '[P]roducts hazard' includes bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others."

Simplex's 1960 through 1970 Liberty Mutual policies added Hitemp Wires Company (Hitemp), a division of Simplex during this period, as a named insured. These policies also included an indorsement making the above product hazard exclusion inapplicable to products manufactured by Hitemp. As with Simplex's other divisions, Hitemp manufactured insulated wire and cable products.

We begin our analysis by asking whether, on the basis of their complaints, the plaintiffs in the underlying actions could establish liability against Simplex by proving that at least some of their injuries resulted from exposure to Hitemp products. If so, the Liberty Mutual policies would provide coverage, because "[i]t is well settled in this jurisdiction that a liability insurer owes a broad duty to defend its insured against any claims that create a *potential* for indemnity" (emphasis added). *Doe* v. *Liberty Mut. Ins. Co.*, 423 Mass. 366, 368 (1996), citing *Liberty Mut. Ins. Co.* v. *SCA Servs., Inc.*, *supra* at 332. That some, or even many, of the underlying claims may fall outside the coverage does not excuse Liberty Mutual from its duty to defend these actions. *Camp Dresser & McKee, Inc.* v. *Home Ins. Co.*, 30 Mass. App. Ct. 318, 322 (1991).

The underlying complaints allege in the most general terms that Simplex (either named directly or implicitly as a "John Doe" defendant) was responsible for exposing the various plaintiffs to products containing asbestos. There is no indication as to whether these complaints arose out of the plaintiffs' exposure to Hitemp products or those manufactured by Simplex's other divisions. Simplex has two types of coverage, only one of which may afford protection for the type of claim advanced in the underlying actions.[3]

In deciding this controversy we note that the underlying allegations must be " 'reasonably susceptible' of an interpretation that they . . . adumbrate" a covered claim. *Liberty Mut. Ins. Co.* v. *SCA Servs., Inc.*, *supra.* As one commentator correctly noted, "the insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the possibility of recovery under the policy; there need not be a probability of recovery." 7C J.A. Appleman, Insurance Law and Practice § 4683.01, at 67 (rev. ed. 1979). We decline to alter this well-settled standard.

---

[3]It should be noted that we do not address Simplex's claim that coverage exists because the products hazard exclusion does not apply to the negligent failure to warn claims.

Liberty Mutual asserts that, in opposing summary judgment, it was incumbent on Simplex to prove that the underlying complaints pertain to Hitemp products. In support of this contention Liberty Mutual cites cases involving an exception to a coverage exclusion for losses pertaining to environmental pollution. See, e.g., *Highlands Ins. Co.* v. *Aerovox Inc.*, 424 Mass. 226 (1997); *Liberty Mut. Ins. Co.* v. *SCA Servs., Inc., supra*; *Great N. Indus., Inc.* v. *Hartford Acc. & Indem. Co.*, 40 Mass. App. Ct. 686, 690 (1996). These cases are inapposite because they apply only to the obligations of the insurer and the insured under the "sudden and accidental" exception.

The policy rationale underlying the burden of proof allocation in such cases is ill suited to resolving the problem confronting us here. In *Highlands Ins. Co.* v. *Aerovox Inc., supra* at 231, we reasoned, in resolving whether there was a duty to indemnify, that the insurer should not bear the burden of proving the negative where the insured is better positioned to prove that the discharge was sudden and accidental because to conclude otherwise would deter the insured from determining whether pollutants were being gradually discharged.[4] Here, Simplex has consistently maintained that none of its products contains asbestos and the policy of nondeterrence is not applicable. In such circumstances we see no reason for placing on Simplex the burden of proving that the underlying plaintiffs allege the injuries arising from exposure to Hitemp products.

The burden of proof allocation in these cases is peculiarly applicable to cases involving the "sudden and accidental" exception. We decline to extend this rule to the instant case. Because the allegations of the complaints are sufficient under the principles of notice pleading to permit recovery against Simplex on proof that some of the plaintiffs were injured by products manufactured by Hitemp, Liberty Mutual has a duty to defend these actions.

2. *Home's secondary obligations.* The judgment requires Home to "be prepared to fulfill [its] duties to defend Simplex should circumstances extinguish Liberty Mutual's obligation."

Significantly, Simplex concedes in its brief that "Simplex has never contended that Home has a duty to assume the defense of the underlying actions. Rather, Simplex contends that Home has

[4]In *Liberty Mut. Ins. Co.* v. *SCA Servs., Inc.*, 412 Mass. 330, 336-337 (1992), we held that the allegations of the underlying complaint did not allege a "sudden and accidental" event covered by the policy.

a duty to reimburse Simplex's defense costs." In essence, Simplex argues that Home's indemnification obligation is automatically triggered if we conclude Liberty Mutual has no obligation to defend it. Our conclusion that Liberty Mutual does have an obligation to defend Simplex in the underlying actions obviates the need for discussion on this point.

Furthermore, the judge stated the only issue before her was "whether [any of] the [d]efendants have a duty to defend [Simplex] in past and pending litigation." With respect to Home, Simplex concedes that no such duty exists. The judge's further declaration, that Home be prepared to defend Simplex should the circumstances extinguish Liberty Mutual's obligation, was erroneous and is to be struck. The judgment, as modified, is affirmed.

*So ordered.*