Lemire, James R., J.
This is a civil action in which the plaintiff, V.A.M. Realty Corporation (“VAM”), alleges that defendant/third-pariy plaintiff, Cullinan Engineering Company, Inc. (“Cullinan”), breached its contractual obligation to obtain permits necessary for the completion of a proposed residential subdivision. Additionally, VAM alleges that by failing to obtain the necessary permits, Cullman negligently disregarded a duty that it owed to VAM. VAM filed a four (4) count complaint alleging breach of contract (Count I), unjust enrichment (Count II), violation ofTitle 780 of the State Board of Building Regulations and Standards (Count III), and Negligence (Count IV).
Thereafter, Cullinan responded by filing its own breach of contract action against third-party defendant Vincent J. DiGregorio, president ofV.A.M. Realty Corp. alleging non-payment for services rendered. Cullinan filed a four (4) count complaint seeking indemnification (Count I), and alleging breach of contract (Count II), unjust enrichment (Count III), and quantum meruit (Count IV). Cullinan now asks the court to grant summary judgment on the grounds that: (1) VAM has failed to secure an expert to testify regarding the duly of care owed under the contract; (2) VAM’s claim is time barred; and (3) Cullinan is entitled to payment for services rendered. The court heard oral argument on September 7, 2007. For the following reasons, Cullman’s motion is DENIED.

FACTUAL BACKGROUND

The relevant undisputed and disputed facts, viewed in the light most favorable to the non-moving party, are as follows:
On October 8, 2003, Cullinan entered into a contract with VAM to provide certain engineering and surveying services for a residential subdivision project at DiGregorio’s properly at 818 Franklin Street, Worcester, Massachusetts. The contract specified that Cullinan would prepare an existing conditions plan that would then be used to prepare a Definitive Subdivision Plan to be filed with the City of Worcester. The contract further specified that Cullinan would prepare a notice of intent to be filed with the Worcester Conservation Commission and provide technical representation at both the Planning Board and Conservation Commission Public Hearings. The contract also called for Cullinan to prepare construction layouts and as-builts for a cul-de-sac roadway, roadway bounds, property monumentation, and for seven (7) duplex houses.
The contract did not contain a specific provision requiring Cullinan to obtain necessary sewer permits from the Massachusetts Department of Environmental Protection (“DEP”). The contract did, however, warrant that Cullinan would perform its services in accordance with generally accepted engineering and surveying principles and practices. Cullinan’s fee for services rendered was based upon standard hourly rates. The contract directed that invoices were due upon receipt and that a service charge of 1 1 /2% and a finance charge of 1 1 /2% would be added per month for any unpaid balance after thirty days, and that VAM would pay all costs of collection, including reasonable attorneys fees.[1] The agreement also indicated that any alleged error, omission, negligence, or design defect would be brought no later than one year after the completion of services described within the contract.
Cullinan began work on the project on October 8, 2003, and continued to work on the project until no later than December 2004. In the summer of 2004, DiGregorio approached Chris Ferguson, then an employee of Cullinan, and requested that he obtain a sewer permit from the DEP. Cullinan, however, never applied for the permit from the DEP. On or around January 2005, VAM’s lender foreclosed on the construction property, forcing VAM to sell the property. At the time of the sale of the construction property, Cullinan had performed all of its specific contractual duties except for preparing a construction layout and as-builts of seven duplex houses, which was not possible because of the foreclosure.
*216 Cullinan submitted four invoices to VAM during the course of their work on the project, dated February 27, 2004. May 24, 2004, August 30, 2004, and December 12, 2004. Additionally, Cullinan sent VAM a Statement of Account on June 6, 2005, showing an amount due and payable of $11,653.56, and a Final Notice on November 21, 2005, showing a past due balance of $12,557.24. VAM has not made any payments since June 28, 2004.

DISCUSSION

I. Standard of Review

Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm'r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at triad. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the non-moving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17(1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).

II. Cullinan’s Motion for Summary Judgment

A.Negligence

There are genuine issues of material fact as to whether Cullinan committed negligence by failing to secure the proper permits from the DEP. Notwithstanding Cullinan’s arguments to the contrary, whether Cullinan acted negligently by failing to secure the DEP permit is not an issue involving complex engineering principles and specified knowledge requiring expert testimony. Rather, the issue is of a generalized practice in the engineering field and within the ken of the fact finder. Compare Stewart v. Worcester Gas Light Co., 341 Mass 425, 434 (1960) (issue of generally approved company practice did not require use of expert testimony where matter was not dependent on expert engineering knowledge), with, e.g., Atlas Tack Corp. v. Donabed, 47 Mass.App.Ct. 221, 227 n.4 (1999) (standard of care associated with the environmental cleanup of plant and nearby lagoon sufficiently complex to warrant the need of expert testimony).

B.Breach of Contract

Cullinan argues that, in any event, VAM’s claim is time barred, as it was filed outside the contractually imposed limitation period in which to file suit. As to this count, however, there is a genuine issue of material fact as to when Cullinan completed their contractual duties, and thus, from what point the one-year period would begin to run.

C.Fees owed to Cullinan for Services Rendered

Cullinan avers that it is entitled to summary judgment on monies owed to it by VAM for services rendered. In light of the foregoing discussion, however, the court finds that there are genuine issues of material fact regarding services rendered by Cullinan and payments owed by VAM. Therefore, for the aforementioned reasons, Cullinan’s motion is DENIED.

ORDER

For the foregoing reasons, it is hereby ORDERED that Cullinan’s Motions for Summary Judgment are DENIED as to all counts.

The contract provides:
Service Charges and Costs of Collection
Any unpaid balance after thirty days is subject to a service charge of one and one-half per cent (1-1/2%) per month (effective annual interest rate of 19.56%) will be added to any unpaid balance . . . The Client agrees to pay all costs of collection including reasonable attorneys fees.
Terms
Invoices are due upon receipt. A finance charge of 1 -1 /2% per month (18% per year) will be added to the unpaid balance after 30 days from the date of the billing unless otherwise agreed . . .