Lemire, James R., J.
This case arises from the denial of insurance coverage by the defendant, Acadia Insurance Company (“Acadia"), to the plaintiff, Gray Excavation, Inc. (“Gray”), for damage that occurred to Gray’s equipment on its job site. Gray filed this action against Acadia, for breach of contract, negligence, and violation of General Laws Chapter 93A and Chapter 176D. Specifically, Gray alleges that Acadia improperly handled Gray’s claim under the policy and conducted its investigation of Gray’s claim in bad faith. As such, Gray argues that Acadia breached its contractual duties and obligations under the insurance policy, as well as the duty of care owed to Gray. Further, Gray contends that Acadia’s conduct amounts to unfair and deceptive acts in violation of G.L.c. 93A and G.L.c. 176D. The matter is before the court on Acadia’s Motion for Summary Judgment. For the following reasons, Acadia’s motion is ALLOWED in part, and DENIED in part.

BACKGROUND

The plaintiff in this case, Gray Excavation, Inc. is an excavation contractor. Gray obtained a Commercial Inland Marine insurance policy (“the policy”) from the defendant Acadia Insurance Company with a policy period from April 1, 2003, to April 1, 2004. The facts as asserted by Gray, the non-moving party, are as follows. At some point between October 10, 2003, and October 13, 2003, some of Gray’s equipment was vandalized at a job site where Gray was working in Millbury, Massachusetts. According to Gray, a vandal poured acid or another contaminant into the fuel tanks of Gray’s construction machines for the purpose of damaging the machines and keeping them from working. On October 14, 2003, Gray reported the incident to the Millbury Police Department. The incident was reported to Acadia by Gray on October 24, 2003.
On October 28, 2003, Acadia informed Gray that there was no need to inspect the damage, and did not contact Gray to make arrangements to view the items that Gray had for repair or the damaged items until sometime in January 2004. Acadia admittedly received a telephone call from Gray’s insurance agent on January 5, 2004, requesting someone from Acadia to go to Gray’s place of business because the damaged equipment was disassembled and awaiting inspection.
On January 6, 2004, defendant’s expert, Steven Bailey (“Bailey”) examined the damaged equipment at Gray’s facility as an agent for Acadia. Prior to the examination of the equipment, Bailey informed James Gray, President of Gray Excavation, and Oscar Johnson, Gray’s insurance agent that the damage to Gray’s equipment was due to bacteria or fungus. Bailey made this determination as to the cause of plaintiffs loss without conducting any examination of the damaged property and did not produce or provide the plaintiff with any inspection results or reports from any of the materials he took for analysis and testing. Bailey told Gray that he was going to have fuel samples analyzed, and took a plunger from the vandalized machinery along with a fuel sample.
Gray sent fluid/fuel mixtures to testing companies in New Hampshire for analysis in support of its claim. The report from NH Materials Laboratory, Inc. dated January 27, 2004, notes that no evidence of algae/bacteria was found on the sampled items. Another report from NH Materials Laboratory, Inc. dated January 20, 2004, notes that hydrochloric acid was found on the sampled fuel and that although no algae/bacteria was found in the fuel, a black viscous material that coated the walls of the bottle showed indications that the black viscous material is algae /bacteria. The report from TEK-5 dated January 12, 2004, notes that no evidence of algae/bacteria was found on the sampled items.
Acadia’s adjuster, Christine Marshall (“Marshall”) determined that they would not offer coverage for the loss on January 26, 2004. Marshall’s 30-Day Property Loss Report (“Marshall Report”) was issued prior to the March 3, 2004 report of Bailey (“Bailey Report”), despite the fact that the Marshall Report claimed that Bailey, identified then as an expert, made findings that the damages were related to a mechanical breakdown. In addition, the Marshall Report was issued after Acadia had determined that it could not deny Gray coverage due to allegations of bacteria or fungus in the fuel system. Moreover, the Marshall Report and coverage determination weie made prior to the examinations under oath of Gray’s mechanics and equipment operators.
On March 5, 2004, Acadia sent correspondence to Gray giving them notice of “any potential coverage issues that may prevent [Acadia] from affording coverage to [Gray] for [the] loss.” Acadia also expressly stated that this correspondence was sent so that Gray’s “rights under the policy, as well as those of Acadia Insurance Company, are not prejudiced by [Acadia’s] investigation into the coverage issues.” Acadia ultimately denied coverage to Gray in a letter dated February 28, 2005.

DISCUSSION

Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary *499 judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17(1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’.. . that there is an absence of evidence to support the non-moving party’s case”). In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summary judgment is still available if the parly with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
Acadia argues that it is entitled to judgment as a matter of law because (1) Gray’s contract claims are barred by the statute of limitations, (2) Gray cannot prove the essential elements of its claim for “negligent breach of contract,” and (3) Gray cannot sustain its burden of proving that Acadia committed any violations of G.L.c. 93A or G.L.c. 176D.

I. Statute of limitations on Count I (Breach of contract)

Acadia seeks summary judgment as to Count I, breach of contract, based on the argument that Gray’s contract claims are barred by the two-year statute of limitations set forth for standard fire insurance policies. In response, Gray contends that the policy is not governed by the two-year statute of limitations provided for under G.L.c. 175, §99, because it was not a standard fire insurance policy. Furthermore, Gray asserts that even if it were governed by the statute of limitations, (1) the claims were timely filed within two years of the February 28, 2005 denial letter, and (2) tolling of the statute of limitations is appropriate under the circumstances.
Property insurance policies written on risks in Massachusetts must adhere to a standard form set forth in G.L.c. 175, §99. That standard includes a two-year statute of limitations which provides, in pertinent part: “No suit or action against this company for the recovery of any claim by virtue of this policy shall be sustained in any court of law or equity in this commonwealth unless commenced within two years from the time the loss occurred . . .” G.L.c. 175, §99. See also Riverdale Mills Corp. v. Fireman’s Fund Ins. Co., 123 F.Sup.2d 37, 39-40 (D.Mass 2000). Gray states that the damage to the property occurred sometime between October 10, 2003 and October 13, 2003. Accordingly, Acadia contends that the statute of limitations on all claims under the policy expired by no later than October 14,2005, or two years after the loss. Acadia further contends that Gray’s contract claims are barred because they were not commenced until October 5, 2006, nearly three years after the loss, and more than one and one-half years after it had explicitly denied liability on February 28, 2005.
The insurance policy in this case conformed to the standard set forth in G.L.c. 175, §99, and thus contained a provision for a two-year statute of limitations from the time of the loss. Thus, Gray’s argument that the policy was not governed by the statute of limitations provided by the statute must fail.
Next, Gray argues that it did not become aware of its loss until February 28, 2005, the date Acadia notified Gray of the denial of its claim. Gray asserts that even if the policy at issue was governed by the statute of limitations, Gray timely filed its claim on October 5, 2006, within two years of the February 28, 2005 notice date. However, the word “loss,” in the context of G.L.c. 175, §99, has consistently been interpreted by Massachusetts courts as referring to the “incident causing the damage to the property.” Nunheimer v. Continental Ins. Co., 68 F.Sup.2d 75, 78 (D.Mass 1999). Hence, because Gray’s claims were not filed until October 3, 2006, nearly three years after the property damage occurred, the statute of limitations has run on the policy claims.
Gray further contends that Acadia’s conduct warrants a tolling of the statute of limitations to Februaiy 28, 2007, two years after the notice date. In Gallant v. Federal Mutual Insurance Co., 354 Mass. 146 (1968), the Supreme Judicial Court held that where the insurers had not conclusively denied coverage until after the two-year policy statute of limitations had passed, the insurers could have been equitably estopped from raising a defense to any action that was commenced within a reasonable time after the denial of coverage. A “reasonable time” was construed as the time “necessary to give them fair opportunity to commence litigation.” In Gallant, the plaintiffs filed their claims eleven months after the denial of coverage, which the Court determined was not within a reasonable time.
*500 In this case, Gray had more than seven months from the time of denial of coverage until the statute of limitations had passed. Even if Acadia’s conduct warranted a tolling of the statute of limitations, Gray would still be barred from recovering because it did not file its claims until more than one and one-half years after the denial of coverage. This was more than a reasonable time as necessary to commence litigation. “Estoppels are not to be regarded with favor nor are they to be extended beyond the requirements which give rise to them.” Gallant, 354 Mass. at 151.
Because the two-year statute of limitations had run on Gray’s claim and estoppel is not appropriate under the circumstances, summary judgment is allowed as to Gray’s breach of contract claim (Count I).

II. Statute of limitations on Count II (Negligence)

Next, Acadia seeks summary judgment on Gray’s negligence claim, in which Gray contends that Acadia did not exercise due care in the performance of contractual duties set forth in the policy and that the negligence proximately caused harm to Gray. “Although the duty arises out of the contract and is measured by its terms, negligence in the manner of performing that duly as distinguished from mere failure to perform it, causing damage, is a tort.” Abrams v. Factory Mut. Liab. Ins. Co., 298 Mass. 141, 144 (1937) (citations omitted). “When a party binds himself by contract to do a work or to perform a service, he agrees by implication to do a workmanlike job and to use reasonable and appropriate care and skill in doing it.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 395-96 (2003) (citing Abrams at 144).
While Gray may have an action in tort for the negligent performance of contractual duties, the relevant provision in the contract provides that “any claim by virtue of this policy” is subject to the two-year statute of limitations. As previously discussed, Gray’s general claim for recovery of benefits is barred by the two-year statute of limitations. Similarly, Gray’s negligence claim is brought “by virtue of this policy” and hence time-barred as well. See Batsford v. Farm Family Mut. Ins. Co., 5 Mass. L. Rptr. 170 (Middlesex Super.Ct. Mar. 26, 1996) (Cowin, J.), (holding that the two-year statute of limitations in G.L.c. 175, §99 applied where “despite plaintiffs’ argument, (it was) not a suit for damages incurred due to negligence, but a contract action on the policy” and plaintiffs negligence claim was “clearly a claim ‘by virtue of the policy’ ”). Thus, summary judgment is also allowed under Count II.

III. Violations of G.L.c. 93A and G.L.c. 176D

Acadia also seeks summary judgment as to Counts III and IV, violations of G.L.c. 93A and G.L.c. 176D, respectively. Gray alleges that Acadia engaged in unfair or deceptive practices in violation of G.L.c. 93A by denying Gray’s claim without “good faith” and by failing to make a reasonable reply to Gray’s demand letter. Furthermore, Gray argues that Acadia violated G.L.c. 176D by failing to acknowledge and act reasonably promptly upon communications with respect to Gray’s claim and by refusing to pay Gray’s claim without conducting a reasonable investigation based upon all available information. Gray also contends that Acadia failed to affirm or deny coverage within a reasonable period of time after proof of loss statements were provided and failed to effectuate prompt, fair and equitable settlement discussions of the claim, where liability was reasonably clear.
Chapter 93A was implemented to prevent unfair and deceptive practices in trade or commerce and to provide a cause of action for consumers to recover for damages that result from these practices. G.L.c. 93A, §2. Similarly, the purpose of G.L.c. 176D is to deter unfair and deceptive acts or practices in the business of insurance. While G.L.c. 176D does not create an independent cause of action, certain classes of plaintiffs may bring an action for violation of G.L.c. 176D under G.L.c. 93A. See Polaroid Corp. v. Travelers Indemnity Co., 414 Mass. 747, 754 (1993). A plaintiff under G.L.c. 93A “who engages in the conduct of any trade or commerce” must bring an action under § 11 of that chapter. G.L.c. 93A, §11. While §9 of G.L.c. 93A, which specifically excludes §11 plaintiffs, creates a cause of action for violations of G.L.c. 176D, there is no such provision under § 11. As such, Acadia’s assertion that Gray, as one engaged in trade or commerce, cannot maintain a direct action against Acadia for violations of G.L.c. 176D is correct. However, a court may rely on violations of G.L.c. 176D, §3(9) as “persuasive evidence” of an unfair or deceptive acts or practices in violation of G.L.c. 93A, §11. See R.W. Granger & Sons, Inc. v. J&S Insulations, Inc., 435 Mass. 66, 78 (2001). Hence, Gray’s contentions that Acadia violated provisions of G.L.c. 176D is relevant only to the extent that the alleged wrongful conduct was a violation of G.L.c. 93A, §2 (“unfair or deceptive acts or practices”). See Polaroid, 414 Mass. at 754.
While the breach of contract and negligence claims are time barred based on the relevant provision in the policy, Gray’s G.L.c. 93A and G.L.c. 176D claims, which create an independent statutoiy obligation and remedy, have a statute of limitations of four years. “Conduct prohibited in c. 176D is not merely ‘duplicative’ of ordinary breach of contract claims on the policy, although there may be some parallels. Rather, in this case, engaging in the conduct prohibited by G.L.c. 176D, and made unfair and deceptive by G.L.c. 93A, §9, creates an action independent from the contract.” Schwartz v. Travelers Indemnity Co., 50 Mass.App.Ct. 672, 675 (2001). In Schwartz, the court held that because the plaintiffs G.L.c. 93A claim was grounded in alleged violations of G.L.c. 176D, the applicable statute of limitations is the four-year limitation period set forth in G.L.c. 260, §5A for actions under G.L.c. 93A and G.L.c. 176D. The court distinguished this case from an earlier case, in which the Federal District Court, in dicta, determined that the *501 two-year statute of limitations under the policy was applicable because there was no independent statutory obligation or statutory remedy. In the instant case, because Gray’s G.L.c. 93A claim is grounded in violation of G.L.c. 176D, it is not time-barred due to the four-year statute of limitations.
In its opposition to Acadia’s motion for summary judgment, Gray focuses primarily on those aspects of its G.L.c. 93A claim that are grounded in G.L.c. 176D. Acadia argues that summary judgment should be allowed as to Counts III and IV because 1) Acadia conducted a reasonable investigation before denying the claim, 2) Acadia had no obligation to settle because liability under the policy was not reasonably clear, 3) Acadia provided Gray with a timely notice of the denial of the claim, and 4) Acadia has no liability for “compelling Gray to institute litigation” because coverage for Gray’s claim was neither clear nor highly likely.
“In cases where motive, intent, or other state of mind questions are at issue, summary judgment is often inappropriate.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “Whether an insurer has conducted an adequate investigation before denying a claim, whether liability has become reasonably clear, and whether a settlement offer is reasonable are factual determinations.” Bobick v. United States Fid. & Guar. Ins. Co., 57 Mass.App.Ct. 1, 3-4 (2003) (citing Van Dyke v. St. Paul Fire & Marine Ins. Co., 388 Mass. 671, 676-77 (1983); Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass.App.Ct. 955, 956 (1995)). Here, there is a genuine issue of material fact as to whether Acadia acted in bad faith in denying Gray’s claim or used its honest business judgment. The record shows that Acadia decided to deny Gray’s claim prior to the completion of the expert’s report and prior to Acadia’s receipt of the independent test results supplied by Gray. In addition, there are genuine issues of material fact as to whether Acadia’s investigation of Gray’s claim was reasonable and whether liability-under the policy was reasonably clear. Summary judgment as to Counts III and IV is thus denied.

ORDER

For the preceding reasons, it is ORDERED that Acadia’s Motion for Summary Judgment is ALLOWED in part, and DENIED in part as follows:
Summary Judgment is ALLOWED as to Counts I and II. Summary Judgment is DENIED as to Counts III and IV.