Lemire, James R., J.
This is a personal injury action in which the plaintiffs, Jacqueline De Dios (De Dios) and Virna Cruz (Cruz) are seeking damages for injuries they sustained as a result of a tree branch falling on them at Quinsigamond State Park (Park). At the time of the injury the Park was owned and controlled by the Commonwealth of Massachusetts (Commonwealth). The matter is before the court on the Massachusetts Executive Office of Environmental Affairs’ (Environmental Affairs) Motion for Summary Judgment. For the reasons discussed below the Environmental Affairs’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
The Park is operated and maintained for recreational purposes. On July 5, 1999 the plaintiff, Cruz drove to the Park with De Dios and others and upon entering the parking area they were required to pay a $2.00 fee. After parking the car other members of the party left the parking area to find a place to have a picnic in the Park. Cruz and De Dios were still in the area of the car when a tree limb fell on them, injuring both of them. They have filed a two-count complaint against Environmental Affairs seeking damages. Count I alleges nuisance and Count II alleges negligence. The defendant has moved for summary judgment on both counts, alleging that the defendant is immune from the plaintiffs’ negligence claims pursuant to G.L.c. 21, §17C and immune from the plaintiffs’ nuisance claims based on sovereign immunity.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the oppos *566 ing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving party may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summaiy judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summaiy judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that, even where the facts are disputed, “summaiy judgment is still available if the party with the burden of proof at trial . . . fails to present in the summaiy judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
Furthermore, it is well established in Massachusetts that summary judgment in an action for negligence is disfavored due to the juiy’s unique position and capability in applying the reasonable person standard. Kelly v. Brigham, 51 Mass.App.Ct. 297, 300 (2001), citing Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984). This applies with equal force to cases involving alleged reckless conduct. Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This rule, however, is not absolute. Manning v. Nobile, 411 Mass. 382, 388 (1991).
II. Nuisance Claim
The plaintiffs do not contest summaiy judgment as to their nuisance claim. As such, summaiy judgment on behalf of the defendant shall issue as to Count I.
III. Negligence Claim
The only remaining issue before the court is the defendant’s assertion that the recreational use statute, G.L.c.21,§17C, immunizes it from liability under the circumstances of this case. That statute reads, in pertinent part:
[a]ny person having an interest in land including the structures, buildings and equipment attached to the land . . . who lawfully permits the public to use such land for recreational . . . [or] charitable purposes without imposing a charge or fee therefore shall not be liable for personal injuries or properly damage sustained by such members of the public . . . while on said land in the absence of wilful, wanton, or reckless conduct by such person.
G.L.c. 21, §17C(a) (emphasis added). The SJC has pointed out that the purpose of the statute is “to encourage landowners to permit broad, public, free use of land for recreational purposes by limiting their obligations to lawful visitors under the common law.” Ali v. City of Boston, 441 Mass. 223, 238 (2004) (emphasis added).
Although the statute explicitly protects any person having an interest in the land from liability, that protection is limited. Upon parsing the statute, two requirements emerge in order for an owner to qualify for immunity: (1) the owner must permit the public to use the land for recreational purposes, and (2) the owner must not impose a charge or fee for such use. Omitting the second requirement would not only contradict the language of the statute, it would frustrate the veiy purpose of the statute, that is, to permit the “free” use of land by the public.
The summaiy judgment record establishes that the Commonwealth permits the public to use the Park for recreational purposes. Inquiry now turns to whether a fee was charged for the use of the Park. It is undisputed that the plaintiffs paid a $2.00 fee upon entering the parking area of the Park. The defendant characterizes the fee as a parking fee,[2] whereas, the plaintiffs claim that the fee was an entrance fee to allow them use of the park.[3]
A copy of the ticket issued to the plaintiffs upon payment of the $2.00 fee was included with the summary judgment materials.[4] The top portion of the ticket reads as follows: “MASSACHUSETTS STATE PARKS” and directly below this heading the following appears: “$2.00 Day Use Ticket.” The balance of the ticket contains a series of questions designed to allow the visitors to evaluate the park. Included in the questions is an inquiry as to whether the “Entrance fee” was appropriate. Nowhere on the ticket is there a reference to the fee being a parking fee.
After hearing and consideration, and determining that a genuine issue of material fact exists at least as to whether the plaintiffs paid a fee for use of the Park, the defendant’s motion for summaiy judgment' on Count II is denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion for Summary Judgment is ALLOWED as to Count I of the complaint, and DENIED as to Count II of the complaint.

defendant’s Concise Statement of Facts #5 & #6.

Plaintiffs Concise Statement of Additional Material Facts #1.

defendant’s Exhibit B and Plaintiffs’ Exhibit 2.