Lemire, James R., J.
The plaintiff in this case, Thomas Ackerman (Ackerman) filed a six-count complaint alleging defamation, breach of contract and interference with a contractual relationship.[1] The defendants have moved for summary judgment on counts I, II, III and IV only[2] stating that there are no genuine issues of material fact and that the case may be decided as a matter of law.
For the following reasons, the defendants’ motion is ALLOWED in part and DENIED in part.
BACKGROUND
The undisputed facts in this case are summarized as follows. The plaintiff Thomas Ackerman was hired as a men’s basketball coach by Assumption College in June 1999. Ackerman signed yearly contracts from 1999 through 2004. Each contract covered a term of September 1, to August 31 of the respective year. On December 30, 2004, the athletic director, Theodore Paulauskas (Paulauskas), informed Ackerman that he would not renew Ackerman’s coaching contract for the period beginning September 1, 2005. Paulauskas ultimately requested that Ackerman resign effective February 2005 so that Paulauskas could advertise and interview candidates for the position. Ackerman submitted his letter of resignation on February 4, 2005.
On February 9, 2005 Paulauskas was interviewed by a reporter from the Worcester Telegram and Gazette (Telegram). On February 10, 2005 an article appeared in the Telegram with a headline of “Ackerman out at Assumption.” The reporter printed quotes attributed to Paulauskas regarding the Assumption basketball team’s performance under Ackerman’s tenure and goals of the future. According to the defendants’ motion the plaintiff claims that the following three sets of quotes were directed at Ackerman and intended to defame and discredit him:
1. “the program wasn’t on the right path and the prospects didn’t look good.”
2. “I am looking for someone who is going to get to the office before me and leave after me.” “I am looking for someone with passion, someone that projects well in the Communily and someone who will aide in our fundraising efforts.”
3. “We’re not looking for a quick fix. We’re looking to build a basketball program, one that will contend every year for a conference title.”
DISCUSSION
I. SUMMARY JUDGMENT STANDARD
Summary judgment is appropriate when the summary judgment record shows that “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles him to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the non-moving party has no reasonable expectation of proving an essential element of his case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the *667 moving party may be discharged by ‘showing’. . . that there is an absence of evidence to support the non-moving party’s case”). In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in his favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the plaintiff has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating that even where the facts are disputed, “summary judgment is still available if the parly with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
If an allegedly defamatory statement is not action-ably defamatory as a matter of law, then there is no genuine issue of material fact for trial. Aldoupolis v. Globe Newspaper Co., 398 Mass. 731, 733 (1986). Thus, “summary judgment procedures are especially favored in defamation cases. ‘Allowing a trial to take place in a meritless case ”would put an unjustified and serious damper on freedom of expression." ’ Even if a defendant in a libel case is ultimately successful at trial, the costs of litigation may induce an unnecessary and undesirable self censorship." King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987) (citations omitted); see also New York Times Co. v. Sullivan, 376 U.S. 254, 279, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).
II. Statements #1 and #3
The defendants assert that the allegedly defamatory statement of “the program wasn’t on the right path and the prospects didn’t look good” is opinion and not fact. For these reasons, the defendants claim that the statements are not defamatory as a matter of law, and summary judgment is appropriate for Count I and Count II of the complaint as it relates to this statement.
A statement found to be purely opinion cannot by definition be defamatory. Cole v. Westinghouse Broadcasting Co., Inc., 386 Mass. 303, 309 (1982). Statements of pure opinion[3] are protected under the First Amendment to the United States Constitution. Consequently, they are not actionable in a defamation suit. Aldoupolis, at 733; Pritsker v. Brudnoy, 389 Mass. 776, 778 (1983).
The plaintiff has offered no opposition to the defendants’ arguments relating to this statement as such, I find as a matter of law that the statement by Paulauskas that “the program wasn’t on the right path and the prospects didn’t look good” is opinion and not fact and is not actionable by the plaintiff in this defamation suit.
Additionally, the defendants contend that the third statement[4] was not of and concerning the plaintiff and therefore it too cannot be used as a basis of the plaintiffs claims for defamation. Again the plaintiff has offered no opposition to this argument. Upon my review of the summary judgment record I find no evidence that this statement could lead an ordinary reader to believe it involved the plaintiff. Having found that this statement is not of or concerning the plaintiff it too is not to be used by the plaintiff in his defamation claims.
III. Statement #2
The defendants maintain that the statement, “I am looking for someone who is going to get to the office before me and leave after me. I am looking for someone with passion, someone that projects well in the Community and someone who will aide in our fundraising efforts” is not of and concerning the plaintiff and therefore not actionable. As stated in Driscoll v. Board of Trustees, 70 Mass.App.Ct. 285, “(t]o succeed ... on an action for defamation, a plaintiff must . . . show that the alleged defamatory statement published by the defendant was ‘of and concerning’ the plaintiff.” Eyal v. Helen Bdcst. Corp., 411 Mass. 426, 429 (1991). This can be done in two ways: “either that the defendant intended its words to refer to the plaintiff and that they were so understood, or that the defendant’s words reasonably could be interpreted to refer to the plaintiff and that the defendant was negligent in publishing them in such a way that they could be so understood.” Id. at 430, quoting from New England Tractor-Trailer Training of Conn., Inc. v. Globe Newspaper Co., 395 Mass. 471, 483 (1985). A defamatory comment is made “of and concerning” the person to whom [the reader or] recipient, correctly or mistakenly but reasonably, understands it was intended to refer. “While the plaintiff need not prove that the defendant ‘aimed’ at the plaintiff, he . . . must prove that the defendant was negligent in writing or saying words which reasonably could be understood to ‘hit’ the plaintiff.” New England Tractor at 478.
“If the person is not referred to by name or in such manner as to be readily identifiable from the descriptive matter in the publication, extrinsic facts must be alleged and proved showing that a third person other than the person libeled understood it to refer to him.” Brauer v. Globe Newspaper Co., 351 Mass. 53, 56 (1966).
I find that the plaintiff has submitted substantial evidence in the summary judgment record that demonstrates this statement was understood by third parties to refer to plaintiff. The President of Assumption College, Dr. Plough, stated in his deposition that the statement about the “work ethic” could be interpreted as directed at Ackerman. Additionally, Catherine Woodbrooks, Assumption’s Vice President for *668 Student Affairs and supervisor of Paulauskas indicated in her deposition that she could understand how the comments in the article could be interpreted as “connected to Tom [Ackerman].’’ Ackerman’s response to the defendants’ interrogatory listed approximately 18 individuals who commented to Ackerman on the defamatory nature of the comments in the article.[5]
This passage of the article is capable of conveying the suggestion or innuendo that Ackerman had exhibited poor work habits while at Assumption. The existence of defamatory innuendo is a question of fact for a jury to consider. See Lyman v. New England Newspaper Publishing Co., 286 Mass. 258, 260-62 (1934); Sharrott v. Housing Innovations, Inc., 365 Mass. 141, 143-45 (1974). “Defamation can occur by innuendo as well as by explicit assertion ...” Brown v. Hearst Corp., 54 F.3d 21, 25 (1st Cir. 1995). See Merrill v. Post Publishing Co., 197 Mass. 185, 193 (1908). Existence of defamatory innuendo is a question of fact for the jury. Reilly v. A.P., 59 Mass.App.Ct. 764, 774 (2003). I therefore find that Ackerman has satisfied by summary judgment standards his claims for defamation relating to statement #2.1 find that he has established issues of material fact as to the meaning of statement #2 and whether this statement is of and concerning him. Therefore the defendants’ motion for summary judgment as to counts I and II must fail.[6]
IV. Counts III and IV
Counts III and IV of the plaintiffs complaint allege breach of contract. Defendants propose that summary judgment should be granted since the plaintiff has failed to show any breach on the part of the defendants. The plaintiff does not oppose summary judgment as to Counts III and IV. Therefore, summary judgment shall enter for the defendants on Counts III and IV.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendants’ Motion for Summary Judgment is DENIED as to Counts I and II and ALLOWED as to Counts III and IV.

 Count I alleges defamation by Paulauskas and Count II alleges defamation by Assumption. Count III alleges breach of contract by Paulauskas and Count IV alleges breach of contract by Assumption. Count V alleges interference with contractual relationship by Paulauskas and Count VI alleges interference with a contractual relationship by Assumption.

A stipulation of dismissal was entered on October 25, 2005 as to Counts V and VI alleging interference with contractual relations.

“Those based on disclosed or assumed nondefamatory facts . . .” Pritsker v. Brudnoy, 389 Mass. 776, 778 (1983).

“We’re not looking for a quick fix. We’re looking to build a basketball program, one that will contend every year for a conference title.”

Plaintiff s response to interrogatory #2.

Defendants raised the issue of the plaintiff being a public figure at the hearing but have presented no information in support of this claim; as such, the court did not considered whether the plaintiff qualifies as a public figure or partial public figure. See Bowman v. Heller, 420 Mass. 517 (1995).