Kern, Leila R., J.
This action stems from a complaint filed by the plaintiff, the District Attorney for the Northern District, asking this court to declare the defendant, the Wayland School Committee, in violation of G.L.c. 39, §23B (the Open Meetings Law). Now before this court is the Commonwealth’s Motion for Summary Judgment and the Committee’s Cross Motion for Summary Judgment. For the following reasons, the Commonwealth’s motion is DENIED and the Committee’s motion is ALLOWED.
BACKGROUND
The undisputed facts are as follows.
On June 2, 2004, Committee chairman Jeff Dieffenbach asked the other members of the five-member Committee, via email, for input on the performance of the superintendent of schools, Dr. Gary Burton. Three members provided written comments pertaining to the performance evaluation. Based on these comments, Dieffenbach prepared a draft evaluation and circulated the evaluation to the members of the Committee in preparation for a June 21, 2004 Committee meeting.
On June 21, 2004, the Committee convened in open session, then convened in executive session and began to discuss the draft evaluation. Because of the late hour, the meeting was adjourned and suspended. On June 28, 2004, the Committee again convened in open session and then convened in executive session where they discussed the draft evaluation. Ultimately, a final written performance evaluation for Dr. Burton was compiled on July 6, 2004.
On April 1, 2005, John Hilliard, a reporter from the Wayland Town Crier, made a written request for a copy of the superintendent’s performance evaluation. He was permitted to view the final evaluation, but not the draft or comments. Hilliard then filed a complaint with the Commonwealth. On August 24, 2005, the Commonwealth issued a letter to the Committee finding them in violation of the Open Meeting Law. In the letter, the Commonwealth directed the Committee to amend the June 21st and June 28th meeting minutes to reflect the substance of the discussions regarding Dr. Burton’s performance evaluation that took place in executive session. The Commonwealth also directed the final performance evaluation, draft performance evaluation, and individual written comments be made available.
Thereafter, the Committee amended the minutes by adding: “They [the Committee] discussed the draft document of the Superintendent’s evaluation. The substance of the results of that discussion may be found in the final Superintendent’s evaluation as compared with the draft evaluation.” Eventually, the Committee also made public the minutes of both open and executive sessions of the June 21st and June 28th meetings, as well as the final performance evaluation, draft performance evaluation and one member’s written comments. The Committee did not make public the written comments by the other committee members. Thereafter the Commonwealth filed the instant action.
DISCUSSION
I. Standard of Review
Summary judgment is appropriate when the summary judgment record shows “there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Mass.R.Civ.P. 56(c); DuPont v. Comm’r of Corr., 448 Mass. 389, 397 (2007). A fact is “material” if it would affect the outcome of the suit. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is “genuine” where a reasonable finder of fact could return a verdict for the non-moving party. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991), citing Anderson, 477 U.S. at 252. The moving party bears the initial burden of demonstrating the absence of a triable issue and the summary judgment record entitles it to judgment as a matter of law. Ng Bros. Constr., Inc. v. Cranney, *252 436 Mass. 638, 644 (2002), citing Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The moving party may satisfy its burden by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716 (adopting reasoning contained in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), that “the burden on the moving parly may be discharged by ‘showing’ . . . that there is an absence of evidence to support the nonmoving party’s case”).
In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. Jupin v. Kask, 447 Mass. 141, 143 (2006), citing Coveney v. President & Trs. of the Coll. of the Holy Cross, 388 Mass. 16, 17 (1983); see Simplex Techs., Inc. v. Liberty Mut. Ins. Co., 429 Mass. 196, 197 (1999). If the moving party has carried its burden, and the opposing party has not responded with specific facts to establish a genuine, triable issue, the court grants the motion for summary judgment. Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 554 (1976); see Ng Bros., 436 Mass. at 644 (stating even where the facts are disputed, “summary judgment is still available if the party with the burden of proof at trial . . . fails to present in the summary judgment record, taking everything it says as true and drawing all reasonable inferences in its favor, sufficient facts to warrant a finding in its favor”), citing White v. Univ. of Mass. at Boston, 410 Mass. 553, 557 (1991).
II. Open Meeting Law
The Commonwealth asserts the Committee violated the Open Meeting Law and the proper remedy is for this court to order the Committee to make public the comments with regard to Dr. Burton’s evaluation. This court begins its discussion by noting the presumption of public access to the workings of government. McCrea v. Flaherty, 71 Mass.App.Ct. 637, 640 (2008). General Laws c. 39, §23B requires “all meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided.” This presumption, however, is not absolute. The Legislature has recognized the public should not have access to everything done by public officials or employees. McCrea, 71 Mass.App.Ct. at 640. To that end, G.L.c. 39, §23B allows a governmental body to proceed to executive session and escape the presumption of openness in nine specific instances. G.L.c. 39, §23B(l)-(9). The governmental body bears the burden of showing the need to convene in executive session. Dist. Attorney for the N. Dist. v. Bd. of Selectmen of Sunderland, 11 Mass.App.Ct. 663, 666 (1981).
The Commonwealth argues first the Committee entered executive session for a reason not spelled out by the statute, and thus, violated §23B. Among the purposes for which a governmental body may enter executive session is to “discuss the reputation, character, physical condition or mental health rather than the professional competence of an individual . . .” G.L.c. 39, §23B(1). Because the Committee met to discuss the profession competence of Dr. Burton, the Commonwealth argues, they convened in executive session in violation of the statute. Section 23B, however, also provides a governmental body may convene in executive session to ." . . conduct strategy sessions in preparation for negotiations with nonunion personnel, to conduct collective bargaining sessions or contract negotiations with nonunion personnel." G.L.c. 39, §23B(3).
Here, the Committee properly entered into executive session pursuant to G.L.c. 39, §23B(3). The minutes reflect the Committee entered executive session on June 21st and June 28th to discuss matters relating to collective bargaining and negotiations with non-union personnel, among them Dr. Burton’s evaluation and salary. The evidence shows Dr. Burton’s salary was tied to his yearly evaluation by the Committee. Paragraph 3 of Dr. Burton’s employment agreement states his pay for the 2005-2006 and 2006-2007 contract years “shall be determined by the Committee after the Committee has reviewed Dr. Burton's performance as outlined in Paragraph 5 . . .” (Committee’s Opposition, ex. D, par. 3.) Paragraph 5, in turn, expressly provides the Committee shall prepare a written evaluation, which “shall” be discussed with Dr. Burton at an executive session of the Committee. {Id. at par. 5.) Paragraph 5 also says the evaluation shall be utilized by the Committee in determining Dr. Burton’s salary. (Id.) Pursuant to the Employment Agreement then, the Committee convened in executive session for a reason spelled out by the statute, that is, to conduct contract negotiations with nonunion personnel. See Attorney General v. Sch. Comm, of Taunton, 7 Mass.App.Ct. 226, 230-32 (1979) (upholding trial judge’s order that defendant did not violate Open Meeting Law where record reflected defendant’s convening in executive session was proper under G.L.c. 39, §23B(3)). Consequently, the Committee was not in violation of the Open Meeting Law when it convened in executive session on June 21 and June 28, 2004.
The Commonwealth also argues the comments submitted by members of Committee in June 2004 were “deliberations” within the meaning of the Open Meeting Law, and thus, should be made public. Even were this court to assume, arguendo, the comments by the Committee members used to create the draft evaluation were “deliberations” made by a “quorum” of members present at a “meeting” as those terms are defined by G.L.c. 39, §23A, the Committee’s release of the *253 minutes of the June 21st and June 28th meetings with the draft and final evaluations satisfied their requirements under the statute and cured any non-public comments made by the Committee members. General Laws c. 39, §23B requires:
[a] governmental body shall maintain accurate records of its meetings, setting forth the date, time, place, members present or absent and action taken at each meeting, including executive sessions . . . [a]ll votes taken in executive sessions shall be recorded roll call votes and shall become a part of the record of said executive sessions.
G.L c. 66, §5A, the Public Records Law, clarifies the scope of what must be kept by the Open Records Law:
[t]he records, required to be kept by section . . . twenty-three B of chapter thirty-nine, shall report the names of all members of such boards and commissions present, the subjects acted upon, and shall record exactly the votes and other official actions taken by such boards and commissions; but unless otherwise required by . . . ordinance or by-law of the city or town, in the case of municipal boards, such records need not include a verbatim record of discussions at such meetings.
Here, the Committee released the minutes of the June 21st and June 28th executive session minutes. The minutes made public by the Committee included the date, time, place, members in attendance, votes and other actions taken. (Commonwealth Motion for Summary Judgment, Affidavit of Bethany Stevens.) Moreover, the minutes, as amended, comprise the substance of the meetings, including the essence of the members’ comments. At the behest of the Commonwealth, the Committee supplemented the minutes of the meetings by adding “[t]hey [the committee] discussed the draft document of the Superintendent’s evaluation. The substance of the results of that discussion may be found in the final Superintendent’s evaluation as compared with the draft evaluation.”
Thus, by looking at the draft evaluation, one can glean the substance of the comments, as they were used to craft the draft evaluation. Furthermore, by reading the final evaluation and comparing it with the draft evaluation, a member of the public could reasonably determine what was discussed by the Committee.[1] The Open Meeting Law does not require the Committee to go further than this. See Gerstein v. Superintendent Search Screening Comm., 405 Mass. 465, 473 (1989) (holding no violation of the Open Meeting Law where minutes amended to reflect how members discussed and rated interviewees); Allen v. Bd. of Selectmen of Belmont, 58 Mass.App.Ct. 715, 721 (2003) (holding no violation of Open Meeting Law where record reflected date, time, place, members present and action taken).
Accordingly, the Committee did not enter executive session in violation of the Open Meeting Law, and any deliberations that took place outside of the public were subsequently cured by the Committee’s release of the minutes of the June 21 and June 28, 2004 executive committee meetings and the draft and final evaluations. As a result, the Commonwealth’s Motion for Summary Judgment is hereby DENIED and the Committee’s Cross Motion for Summary Judgment is hereby ALLOWED.
ORDER
It is hereby ORDERED the Commonwealth’s Motion for Summary Judgment be DENIED and the Committee’s Cross Motion for Summary Judgment be ALLOWED.

 Because this court concludes the Committee met its burden under the Open Meeting Law, there is no need to address the argument posed by the Committee that the members’ comments constituted employee work evaluations and thus, are exempt from public disclosure by virtue of G.L.c. 4, §7, Twenty-sixth.